BENNINGTON, APPELLANT, *v.* BENNINGTON, APPELLEE.

(No. 77AP-866—Decided March 30, 1978.)

*Messrs. Hobday, Hyslop & Fox,* and *Mr. Brian S. Piper,* for appellant.
*Messrs. Kemp, Schaeffer & Rowe,* for appellee.

McCORMAC, J.  Mary Bennington commenced an action for alimony only, claiming gross neglect of duty and abandonment without just cause as grounds therefor. Larry Bennington answered, denying grounds for alimony, and counterclaimed for divorce alleging gross neglect of duty and extreme cruelty. His counterclaim was later amended asserting the grounds for divorce of living separate and apart for at least two years without cohabitation.

The trial court granted a divorce to appellee on the grounds that the parties had lived separate and apart for at least two years without cohabitation. The trial court also found that appellee had abandoned appellant without just cause so that appellant was entitled to alimony only.

In conjunction with divorce decree, the trial court ordered appellee to pay appellant $65 a week alimony and made further orders as to the disposition of the property of the parties.

From the judgment of the trial court, Mary Bennington has appealed, setting forth the following assignments of error:

"1. The Court erred in granting defendant a divorce on the grounds contained in Section 3105.01.(K) of the Ohio Revised Code.

"2. The Court below erred in ordering the residence real estate of the parties sold and ordering a division of the proceeds from the same within ninety days from September 15, 1977, and further erred in ordering the 1973 Pontiac Ventura automobile sold and awarding the defendant one-half of the sale price while providing that the plaintiff's one-half interest therein should be applied to the outstanding lien on the automobile."

Plaintiff and defendant were married in 1946. No children have been born to the marriage. In 1963, plaintiff suffered a stroke rendering her permanently and totally disabled and causing her left side to become paralyzed. There have been no sexual relations between the parties since that time.

In 1974, Larry Bennington moved out of the house and into a travel van located adjacent to the house on the same premises. His primary reason for moving into the van was that his wife kept the heat in the house at about 85 to 90 degrees Fahrenheit. He was also irritated about the fact that his wife locked aand bolted the door to the house and, when he arrived home from work, it frequently took her fifteen to twenty minutes to come to the door to let him into the house. Her reason for locking the door was apparently for security purposes. There were also **other areas of conflict** between the parties. However, there was no intention on the part of Larry Bennington to abandon his marital responsibilites when he moved from the house to the van in 1974. On the contrary, he continued to help his disabled wife with household chores, pretty much the same as before moving into the travel van. There was a conflict as to whether he ever slept inside the house again after moving to the van, or whether he used the house otherwise for his comfort and enjoyment. It is clear,

however, that he did enter the house regularly to assist his disabled wife.

On November 26, 1976, Larry Bennington finally became thoroughly disenchanted with the entire arrangement and decided to leave home. He went to Arizona for about one month. He then returned, regaining his job. After his return, he lived off of the premises in the van for about three months and then obtained an apartment elsewhere.

R. C. 3105.01(K) provides grounds for divorce "* * * [w]hen husband and wife have, without interruption for two years, lived separate and apart without cohabitation * * *."

The trial court found that when the husband moved from the house to the van located on the same premises that he was living separate and apart without cohabitation, so that the time from 1974 to November 1976 was includable in the two-year period prescribed by R. C. 3105.01(K). If that time is not includable, the two-year period would commence running on November 29, 1976, and he would not have grounds for divorce until November 29, 1978.

The trial court erroneously included the time that the husband lived in the van adjacent to the house as part of the two-year period, as the parties were not living "separate and apart" during that time. During that time there was no cessation of marital duties and relations between the wife and husband. Approximately the same duties were performed by the husband to the wife and by the wife to the husband as prior to the time that the husband moved outside of the house to the van. R. C. 3105.01(K) requires a living "separate and apart" in addition to a lack of cohabitation. There was a lack of cohabitation in this case, but there was no living "separate and apart" as contemplated by the statute. Even the husband's testimony indicates that there was no intent on his part to flee the marital roost until he finally became totally fed-up with the arrangement in November 1976. While the parties were living apart in a limited sense, they were not living separately in a marital sense. See Annotation 35 ALR 3d 1238, *Separation Within Statute*

*Making Separation A Separate Ground For Divorce,* at Section 11.

Our unreported case of *Sindel* v. *Sindel,* No. 75AP-299 and No. 75AP-301, decided November 11, 1975, is not controlling as that case involved the element of cohabitation rather than the element of living separate and apart. In *Sindel,* there was no doubt that the parties were living separate and apart during the two-year period.

Appellant's second assignment of error is overruled, as the property division and alimony award were granted in conjunction with the divorce decree rather than in conjunction with an award of alimony only. Although the trial court found that there were grounds for an alimony only award, alimony was not granted in that context. Different considerations may apply, particularly as to the continuation of the applicability of the husband's medical insurance policies to the wife's rather large continuing medical expenses. In any event, the orders of permanent alimony and division of property are no longer effective upon the reversal of the divorce judgment.

Assignment of error number two is overruled.

Appellant has also moved for a stay of the trial court's orders regarding the sale of the real estate and the 1973 Ventura automobile, and an award of temporary alimony pending appeal. The motion is overruled. Since there has been no final determination of the cause by the trial court, its temporary orders continue in effect until modified by the trial court. Its other orders are reversed together with the divorce judgment of which these orders were a part.

Appellant's first assignment of error is sustained, and appellant's second assignment of error is overruled. The judgment of the trial court is reversed. The case is remanded to the trial court for further procedure consistent with this decision.

*Judgment reversed.*

WHITESIDE and REILLY, JJ., concur.