## Spitzkopf v. Spitzkopf

*Lorraine Taylor,* for plaintiff.
*Francis A. Muracca,* for defendant.

WETTICK, *A. J.,* August 12, 1982—On November 21, 1980, the wife filed an amended complaint seeking a 201(d) divorce. In her amended complaint, she alleges that the marriage is irretrievably broken and through affidavit avers that the parties have lived separate and apart for a period of at least three years. The husband denies these allegations.

At the hearing on the wife's 201(d) claim, both parties offered evidence on the issues of whether the parties have lived separate and apart for three years and whether the marriage is irretrievably broken. The facts, as determined by this court, are as follows.

The husband (age 49) and the wife (age 40) were married in 1959. They apparently lived together as husband and wife until the latter part of 1974. At that time, the wife was hospitalized at Shadyside Hospital. In early 1975, she was transferred to Kane Hospital where she has continuously resided to this date. She suffers from a disease that results in the disintegration of the spinal cord; and her condition is steadily deteriorating. In all likelihood, she will spend the rest of her life at Kane Hospital.

Until October 1979, the husband visited the wife approximately once a week at Kane Hospital. At times, he would bring candy, cereal, and similar items which the wife requested. Also, he frequently laundered her clothes. According to the wife's testimony, the visits normally lasted for only a few minutes.

The husband has not visited the wife since October 19, 1979. At the October 19, 1979 visit, the wife informed the husband that she did not want to see him any more. The wife testified that she did so

because the husband had advised her that he did not love her and that he was living with another woman.

From the time that she was admitted to Kane Hospital, the wife has been permitted to leave the hospital for overnight visits. Even to this date, she has regularly had overnight visits with her sister and her mother. In fact, on one occasion they took her to Disneyworld in Florida for approximately one week.

The husband, who continues to reside in the marital residence, has never taken the wife out of the hospital although the wife has asked him to do so. His explanation for this is that he does not believe that he is strong enough to care for her. On cross examination, he testified that he stands five feet nine inches and weighs 209 pounds. This court observed that the wife is of slight build and her weight would not exceed 110 pounds.

The testimony also established that the husband has been employed as a Port Authority bus driver for the past 25 years. Since the wife's hospitalization, he has paid nothing toward her support.

Under Section 201(d) of the Divorce Code (Act of April 2, 1980, P.L. 23, 23 P.S. §101), a court may grant a divorce if it finds "that the parties have lived separate and apart for a period of at least three years, and that the marriage is irretrievably broken." It is the wife's position that the clear language of Section 201(d) requires only that the parties live separate and apart for a period of at least three years; that she has been living in Kane Hospital separate and apart from her husband for more than three years; and, consequently, she is entitled to a divorce if this court finds that the marriage is irretrievably broken.

The wife's interpretation of the Divorce Code

would defeat the purpose of the three year waiting period where the parties begin living apart for reasons unrelated to marital discord such as a work assignment, military service, or medical reasons. The apparent purpose for the three year waiting period is to create a substantial period of time for a possible reconciliation after the marital problems begin if at least one party believes that there is an opportunity for the marriage to be saved. Consequently, as long as both parties, although living apart, continue to view their relationship as that of husband and wife, the three year waiting period should not begin to run.

The husband, on the other hand, argues that the separation contemplated by the Divorce Code must be a voluntary one. Since the wife is living outside the marital residence for medical reasons, it is his position that the parties are not living separate and apart for purposes of Section 201(d) of the Divorce Code.

We also reject the husband's interpretation of Section 201(d). Under this interpretation, it would be impossible for a person to obtain a divorce if the initial separation was involuntary. Clearly, the legislature did not intend to deprive a person of the ability to obtain a divorce merely because the separation initially occurred for reasons unrelated to the deterioration of the marital relationship.

To fulfill the legislative purpose for the three year waiting period, we require both a physical separation and a breakdown of the marital relationship for a three year period. Ordinarily, the breakdown of the marital relationship is presumed from the fact that the parties are living separate and apart. But where the initial separation occurred for reasons unrelated to marital discord, this presumption cannot be made. Consequently, in this situation the

rejection of the marriage—and not the separation period—becomes the controlling factor. The critical question is at what date during the separation did either spouse, by his or her words or actions, reject the marital relationship.

In the present case, the evidence establishes that the husband has rejected the marital relationship for a continuous period in excess of three years by failing to give the care and attention to the wife that a party to a viable marriage would provide. The visits have been minimal; there has been no financial support; and the husband absolutely refuses to take his wife from the hospital. From the date of her hospitalization, the wife's needs for emotional support and companionship have been met almost exclusively by her mother and sister; the contrast between the husband's activities with his wife and those with her sister and mother offer the clearest support for the wife's contention that the marital relationship ended many years ago. Also, the husband's failure to provide any financial support to the wife and his living in the marital residence with another woman throughout the past several years cannot be reconciled with his claim that his wife and he maintain a viable husband and wife relationship.

This court's interpretation of Section 201(d) is consistent with case law of other jurisdictions construing legislation permitting a divorce where the parties have lived separate and apart for a specified time. In the case of Hooker v. Hooker, 215 Va. 415, 211 S.E. 2d 34 (Virginia Supreme Court, 1975), the husband accepted employment overseas to earn a higher salary for the support and education of his wife and children. Subsequently, he sued for divorce on the ground that the parties had been physically separated for the two year period provided

by Virginia's Divorce Code. The court denied the divorce, holding that the separation period did not begin to run until the husband took action that would indicate to his wife that he intended to separate permanently.

"Where both parties are mentally competent, as in the present case, we hold that, as a prerequisite for a divorce under code §20-91(9), there must be proof of an intention on the part of at least one of the parties to discontinue permanently the marital cohabitation, followed by physical separation for a statutory period."

"We believe that the words 'live separate and apart' in code §20-91(9) mean more than mere physical separation. In our view, the General Assembly intended that the separation be coupled with an intention on the part of at least one of the parties to live separate and apart permanently, and that this intention must be shown to have been present at the beginning of the uninterpreted two year period of living separate and apart without any cohabitation. Otherwise, many extended separations required by other circumstances could ripen into 'instant divorce' without the salutory period of contemplation required by the statute during which the parties have an opportunity for reconciliation (citations omitted)." 211 So.E. 2d at 36.

Also, see Bennington v. Bennington, 56 Ohio App. 2d 201, 381 N.E. 2d 1355 (1978) (parties were not living separate and apart where the husband left the marital residence because the temperature in the house was maintained between 85 and 90 degrees on account of the wife's medical condition); Adams v. Adams, 408 S. 2d 1322 (Louis. Supreme Court, 1982) (where the husband was confined to a mental hospital, the wife was entitled to a divorce only upon a showing of a continuous intention to

terminate the marital relationship throughout the waiting period); Annotation, Separation Within Statute Making Separation a Substantive Ground for Divorce, 35 A.L.R. 3d 1238.

Finally, for the reasons set forth in this opinion, we find that the marriage is irretrievably broken.

## ORDER OF COURT

On this August 12, 1982, it is hereby ordered, adjudged, and decreed that:

(1) the parties have lived separate and apart for three years and their marriage is irretrievably broken; and

(2) plaintiff shall submit a proposed divorce decree for this court's signature.