# Richmond

EVELYN WARX FRIEND CRITTENDEN, ET AL. v.
HENRY T. CRITTENDEN.

June 16, 1969.

Record No. 6944.

Present, All the Justices.

*Jerrold G. Weinberg* (*Philip L. Russo; Stackhouse & Weinberg,*
on brief), for appellants.

*Joseph E. Baker,* for appellee.

CARRICO, J., delivered the opinion of the court.

The question involved in this appeal is whether a two-year separa-
tion of husband and wife resulting from the commitment of the latter
for mental incompetence is ground for divorce under Code, § 20-
91(9).

The question arose when Henry T. Crittenden, the complainant,
filed a bill of complaint against Evelyn Warx Friend Crittenden, the
defendant, and her committee, Robert C. Stackhouse. The bill al-
leged that on May 19, 1950, the defendant was adjudged mentally

incompetent and was committed to Eastern State Hospital, where she was still confined. The bill further alleged that the complainant and the defendant had lived separate and apart since May, 1950, without interruption and without cohabitation. The bill prayed for a divorce from the bond of matrimony on the ground that the parties had lived separate and apart for more than two years.

A guardian ad litem was appointed to represent the defendant. The guardian ad litem and the defendant's committee filed demurrers to the bill asserting that the complainant was not entitled to a divorce because of the mental incompetence of the defendant. The demurrers were overruled, and answers were filed by the guardian ad litem and the committee.

The cause was referred to a commissioner in chancery who heard the complainant's evidence. That evidence showed that the parties were married January 1, 1941, and had lived together until the defendant was committed on May 19, 1950. The evidence further showed that the defendant had been confined continuously at Eastern State Hospital since that date.

The commissioner filed a report recommending that a divorce be awarded the complainant on the ground of the two-year separation of the parties. Exceptions were filed to the report on behalf of the defendant. The court overruled the exceptions and entered a final decree awarding the complainant a divorce from the bond of matrimony. We granted the defendant and her committee an appeal.

Code, § 20-91 provides as follows:

"A divorce from the bond of matrimony may be decreed:

\* \* \*

"(9) On the application of either party if and when the husband and wife have lived separate and apart without any cohabitation and without interruption for two years. A plea of res adjudicata or of recrimination with respect to any other provision of this section shall not be a bar to either party obtaining a divorce on this ground."

It is contended on behalf of the defendant that because her separation from the complainant resulted from her commitment for mental incompetence, there existed no ground for divorce under Code, § 20-91(9). The complainant contends, on the other hand, that the Code section is without qualification and that the ground for divorce there

provided is not dependent upon "fault or provocation, or any act or omission of the defendant." The complainant urges, therefore, that he is entitled to a divorce on the ground of separation for two years notwithstanding the defendant's incompetence.

The question now before us is a novel one. While we have had occasion previously to apply the provisions of Code, § 20-91(9), those earlier divorce cases did not involve the mental incompetence of one of the parties.

It is true, as the complainant asserts, that in *Canavos* v. *Canavos*, 205 Va. 744, 747, 139 S.E.2d 825, 827 (1965), we said that the object of the legislature in enacting Code, § 20-91(9) was to permit the granting of a divorce to either spouse "regardless of fault" when the parties have lived separate and apart for the required period. And in *Hagen* v. *Hagen*, 205 Va. 791, 796, 139 S.E.2d 821, 825 (1965), we said that one has no vested right to prevent his spouse from securing a divorce under Code, § 20-91(9).

It is likewise true, as the complainant argues, that the statute in question does not qualify the separation there contemplated by use of the words "voluntary" or "mutual". And the statute does not contain any exception applying to a situation where separation results from the commitment of one of the parties for mental incompetence.

But that does not mean that it was the intention of the legislature in enacting the statute indirectly to make mental incompetence a ground for divorce. And yet, to hold that the complainant is entitled to a divorce in this case would surely give effect to such a veiled intention.

To the contrary, we are of opinion that the legislature intended that the separation contemplated by Code, § 20-91(9) must be of parties who are sufficiently competent to be conscious of the fact that the act of separation has occurred. Were that not so, it would be tantamount to saying that one may separate from one's self, thus ignoring the logical meaning of the word "separation" as requiring the existence of two entities. While a separation in divorce law often occurs as the result of the unilateral act of one party, the consciousness of the other party that such separation has occurred is essential under the statute here involved.

The conclusion is inescapable that one who is separated from his spouse as the result of his commitment for mental incompetence is not, as a matter of law, capable of being conscious of the fact that a separation has occurred. It follows that a separation so occurring

is not sufficient to support a ground for divorce under Code, § 20-91(9).

The complainant relies upon the case of *Knabe* v. *Berman*, 234 Ala. 433, 175 So. 354 (1937), in which the Alabama court adopted a view contrary to that taken here. However, the *Knabe* case was decided under a statute different from ours and upon reasoning which we are unwilling to follow.

The decree awarding the complainant a divorce from the defendant will be reversed and set aside and the bill of complaint dismissed.

*Reversed and dismissed.*