## Richmond

### CECIL MCGOWAN HOOKER V. HIROKO TAKEMURA HOOKER.

January 20, 1975.

Record No. 740251.

Present, All the Justices.

*Overton P. Pollard* (*Moore & Pollard,* on brief), for appellant.

*Scott H. Swan* (*Bremner, Byrne & Baber,* on brief), for appellee.

Per Curiam.

The question presented by this appeal is whether, when both parties are sane, an intent to separate must be shown in order to establish the commencement of the two year statutory period required for a divorce under the provisions of Code § 20-91 (9) [1] (Cum. Supp. 1974).

---

[1] Code § 20-91 provides in pertinent part:

"A divorce from the bond of matrimony may be decreed:

\* \* \*

"(9) On the application of either party if and when the husband and wife have lived separate and apart without any cohabitation and without interruption for two years. A plea of res adjudicata or of recrimination with respect to any other provision of this section shall not be a bar to either party obtaining a divorce on this ground; *nor shall it be a bar that either party has been adjudged insane, either before or after such separation has commenced, but at the expiration of two years from the commencement of such separation, the grounds for divorce shall be deemed to be complete ....*"
(Italicized language added by 1970 amendment, Acts 1970, c. 311.)

On November 28, 1972, Cecil McGowan Hooker filed a bill of complaint against his wife, Hiroko Takemura Hooker, seeking a divorce on the ground that they had lived separate and apart without any cohabitation and without interruption since August, 1970. Mrs. Hooker filed an answer and cross-bill denying Hooker's allegations and asking for a divorce on the ground of constructive desertion as of May 1, 1972. Evidence taken by deposition shows that the parties were married in 1950, had two children, and established their domicile in Henrico County in 1963, where Mrs. Hooker resided at the time the divorce proceedings were instituted. From 1966 to 1970 Hooker worked overseas, but he returned to the family home each year on leave for 30 to 60 days. In August, 1970, Hooker went to South Vietnam as a civilian employee of the United States Army and has lived separate and apart from his wife continuously since that time. The evidence indicates that Hooker initially accepted overseas employment to earn a higher salary in order to provide for the anticipated expense of college and post-graduate education for the children.

Hooker sent substantial but varying sums of money to Mrs. Hooker for the support and education of their children, for mortgage payments on the family home, and for the care of Hooker's horses. The last payment was made on October 20, 1972. In May, 1972, Hooker wrote to an attorney in Richmond for the purpose of instituting divorce proceedings, and his wife had knowledge of the letter by the latter part of September, 1972.

The chancellor found from the evidence, and indeed Hooker concedes, that there was no expressed intent by Hooker to separate and no action taken by him from which such intent could logically be inferred until his letter was written to the Richmond attorney in May, 1972. Accordingly, the chancellor ruled that Hooker had failed to prove that he was entitled to a divorce under the provisions of Code § 20-91 (9). Hooker appeals from the decree entered December 10, 1973, which denied a divorce to either party, but awarded Mrs. Hooker temporary alimony and counsel fees. We affirm the ruling of the trial court.

In *Crittenden* v. *Crittenden*, 210 Va. 76, 168 S.E.2d 115 (1969), we held that a husband was not entitled to a divorce from his insane wife under Code § 20-91 (9) because we construed the statute as it then read to require proof of separation by parties sufficiently competent to be conscious of the fact that the

separation had occurred. The General Assembly amended the statute in 1970 to add the language italicized in the preceding footnote. This amendment removed the requirement of consciousness of separation when one party is mentally incompetent, but we perceive no legislative intent to extend its application further, and we decline to do so.

Where both parties are mentally competent, as in the present case, we hold that, as a prerequisite for a divorce under Code § 20-91 (9), there must be proof of an intention on the part of at least one of the parties to discontinue permanently the marital cohabitation, followed by physical separation for the statutory period.

We believe that the words "lived separate and apart" in Code § 20-91 (9) mean more than mere physical separation. In our view the General Assembly intended that the separation be coupled with an intention on the part of at least one of the parties to live separate and apart permanently, and that this intention must be shown to have been present at the beginning of the uninterrupted two year period of living separate and apart without any cohabitation. Otherwise, many extended separations required by other circumstances could ripen into "instant divorce" without the salutary period of contemplation required by the statute during which the parties have an opportunity for reconciliation. *See Otis* v. *Bahan,* 209 La. 1082, 26 So. 2d 146 (1946); *Sutherland* v. *Sutherland,* 75 Nev. 304, 340 P.2d 581 (1959); *Mallard* v. *Mallard,* 234 N.C. 654, 68 S.E.2d 247 (1951); *Beck* v. *Beck,* 14 N.C. App. 163, 187 S.E.2d 355 (1972); 24 Am. Jur. 2d, Divorce and Separation, § 148, p. 305 (1966).

Hooker, having failed to prove an intention to terminate the marriage before 1972, was not entitled under the statute to a divorce in November, 1972, based upon mere separation, without cohabitation and without interruption, that commenced in August, 1970.

*Affirmed.*