## CIRCUIT COURT OF FAIRFAX COUNTY

Caruso

v.

Caruso

August 16, 1989

Case No. (Chancery) 109605

By JUDGE WILLIAM G. PLUMMER

Upon a full review the Court sustains the exceptions filed by Complainant.

"A divorce from the bond of matrimony may be decreed . . . (9)(a) on the application of either party if and when the husband and wife have lived separate and apart without cohabitation and without interruption for one year . . . ." Virginia Code § 20-91, as amended.

In *Hooker v. Hooker*, 215 Va. 415, 417 (1975), the Supreme Court of Virginia interpreted the intent of the General Assembly in stating "that the separation must be coupled with an intention on the part of at least one of the parties to live separate and apart permanently, and that this intention must be shown to have been present at the *beginning* of the uninterrupted two [now one] year period . . . ." (Emphasis added).

In the case *sub judice* the parties attended three marital counseling sessions during the year following separation, in the words of the Complainant "to see if there was anything left (of the marriage)." The Commissioner opined that this was inconsistent with the intent required by *Hooker*.

I do not believe that *Hooker* went so far as to say that the party leaving cannot during the requisite one

year consider and explore the possibilities of reconciliation.

Clearly, it is the public policy of the Commonwealth that attempts at reconciliation are to be encouraged. As long as the attempts do not interrupt the requirement to live separate and apart without cohabitation or interruption for one year the party may go ahead and seek a divorce at the end of one year from the date of separation.

Mrs. Caruso's testimony as to her intent at the beginning was sufficiently corroborated.