COURT OF APPEALS OF VIRGINIA


Present:  Judges Baker, Elder and Fitzpatrick


JANET MARSHALL TAYLOR

v.   Record No. 2839-95-2                    MEMORANDUM OPINION*
                                                  PER CURIAM
EDWIN COOKE TAYLOR                             JULY 16, 1996


               FROM THE CIRCUIT COURT OF HANOVER COUNTY
                    Richard H. C. Taylor, Judge

            (Thomas W. Blue, on briefs), for appellant.

            (Harry M. Johnson, Jr.; Smith, Hinton &
            Johnson, on brief), for appellee.


     Janet Marshall Taylor (wife) appeals the decision of the

circuit court granting Edwin Cooke Taylor (husband) a divorce on

the grounds of the parties living separate and apart for one

year.  Wife contends husband failed to prove a separation by the

parties with the intent to divorce for the statutory period.

Upon reviewing the record and briefs of the parties, we conclude

that this appeal is without merit.  Accordingly, we summarily

affirm the decision of the trial court.  Rule 5A:27.

     The evidence in this matter was submitted solely by

deposition.
               "The rule is firmly established in Virginia
               that a divorce decree based solely on
               depositions is not as conclusive on appellate
               review as one based upon evidence heard ore
               tenus, but such a decree is presumed correct
               and will not be overturned if supported by
               substantial, competent and credible

        *Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

evidence."

Collier v. Collier, 2 Va. App. 125, 127, 341 S.E.2d 827, 828 (1986) (citation omitted).

Husband testified that he formed the intent to divorce wife when he was served with a court order on December 2, 1993 which required him to leave the farm which had been the marital residence. Husband filed for divorce the next day. While husband did not voluntarily leave the farm, the evidence was sufficient to establish that husband intended to separate permanently from wife and that the parties had lived separate and apart for more than one year. "[A]s a prerequisite for a divorce under Code § 20-91(9), there must be proof of an intention on the part of at least one of the parties to discontinue permanently the marital cohabitation, followed by physical separation for the statutory period." Hooker v. Hooker, 215 Va. 415, 417, 211 S.E.2d 34, 36 (1975). Husband admitted that he continued to view the farm as his primary residence, but gave unambiguous testimony that it was his desire to separate from wife. Therefore, there was sufficient evidence to support the trial court's decision awarding husband a divorce on the grounds of a one-year separation.

Accordingly, the decision of the circuit court is summarily affirmed.

Affirmed.