COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Fitzpatrick, Judges Benton and Clements
Argued at Chesapeake, Virginia


ANDREW ANTHONY OTT
                                    MEMORANDUM OPINION[*] BY
v.   Record No. 0614-00-1    CHIEF JUDGE JOHANNA L. FITZPATRICK
                                      JANUARY 16, 2001
SUSAN ANN GELBER OTT


        FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
                    Frederick B. Lowe, Judge

        Jack E. Ferrebee for appellant.

        Henry M. Schwan for appellee.


    In this domestic appeal, Andrew A. Ott (husband) appeals from

a final divorce and equitable distribution decree.  Husband argues

the trial court erred in:  (1) granting Susan A.G. Ott (wife) a

divorce based upon a one-year separation; (2) fixing the date of

separation as August 30, 1997; (3) awarding wife spousal

support; (4) awarding the child dependency exemption to wife;

(5) the valuation of stock and its classification as marital

property; (6) failing to credit husband for taxes paid in the

exercise of stock options; (7) its classification of a portion

of an antique car collection as marital property and its

division of the antique car collection; (8) granting a monetary

---

        * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

award to wife; and (9) failing to credit husband for $10,000 given to wife.  Finding no error, we affirm.

## I.  BACKGROUND

Under familiar principles of appellate review, we examine the evidence in the light most favorable to wife, the prevailing party below, granting to her evidence all reasonable inferences fairly deducible therefrom.  See Juares v. Commonwealth, 26 Va. App. 154, 156, 493 S.E.2d 677, 678 (1997).  So viewed the evidence established that Susan and Andrew Ott were married on August 8, 1978 and had 3 children.  In December 1996 or January 1997, husband moved out of the marital home and began living above the garage.  On August 30, 1997, husband left the garage apartment and moved to an apartment owned by the couple, the Burlington Road property.  On September 4, 1997, wife filed for divorce on grounds of desertion.  Husband filed a cross-bill alleging constructive desertion by wife.

The case was tried before a commissioner in chancery on January 4 and 5, 1999.  The commissioner filed his initial report, both parties filed objections and the commissioner later filed an amended report.  Both parties again filed exceptions.  On March 13, 2000, the trial court issued a final divorce decree confirming and approving the commissioner's report with some modifications.  Husband appeals from numerous of the trial court's rulings.  We address them seriatim.

## II.  GROUNDS FOR DIVORCE

Husband first contends the trial court erred by granting a divorce based on separation for more than one year rather than his ground of desertion.  Assuming, without deciding, that the evidence was sufficient to establish desertion, the trial court was not required to "'"give precedence to one proven ground of divorce over another."'"  Sargent v. Sargent, 20 Va. App. 694, 707, 460 S.E.2d 596, 602 (1995) (quoting Williams v. Williams, 14 Va. App. 217, 220, 415 S.E.2d 252, 253-54 (1992) (quoting Robertson v. Robertson, 215 Va. 425, 426, 211 S.E.2d 41, 43 (1975))).  If multiple grounds for divorce exist, "'the trial judge can use . . . sound discretion to select the grounds upon which . . . to grant the divorce.'"  Sargent, 20 Va. App. at 707, 460 S.E.2d at 602 (quoting Lassen v. Lassen, 8 Va. App. 502, 505, 383 S.E.2d 471, 473 (1989)).  In the instant case, the evidence established that the parties had been living separate and apart for more than one year.  Therefore, the trial court did not err in awarding wife a divorce on the ground of the parties having lived separate and apart without any cohabitation and without interruption for more than one year.

## III.  DATE OF SEPARATION

Husband next argues that the trial court erred in fixing August 30, 1997 as the date of separation rather than January 1997.  Resolution of disputed facts is within the purview of the fact finder.  Howell v. Howell, 31 Va. App. 332, 341, 523 S.E.2d

-

514, 519 (2000). When the trial court accepts the commissioner's findings of fact, this Court will presume those findings are correct and the trial court's decision will not be disturbed on appeal unless plainly wrong or without evidence to support it. Id.

Code § 20-107.3 provides that property is to be classified as of "the last separation of the parties, if at such time or thereafter at least one of the parties intends that the separation be permanent." Thus, there must not only be a physical separation but also "proof of an intention on the part of at least one of the parties to discontinue permanently the marital cohabitation." Hooker v. Hooker, 215 Va. 415, 417, 211 S.E.2d 34, 36 (1975); see also Luczkovich v. Luczkovich, 26 Va. App. 702, 713, 496 S.E.2d 157, 162 (1998). Matrimonial cohabitation consists of more than sexual relations. It also includes the performance of other marital duties and responsibilities. See Petachenko v. Petachenko, 232 Va. 296, 299, 350 S.E.2d 600, 602 (1986); see also Dexter v. Dexter, 7 Va. App. 36, 44, 371 S.E.2d 816, 820 (1988).

Husband testified that wife wanted the marriage to end and demanded that husband move into the bedroom above the garage in December 1996 and January 1997. Wife denied that this was her intention and presented evidence that she and husband acted as husband and wife and that she performed marital duties until he moved out August 30, 1997. Thus, credible evidence supports the

-

trial court's determination that the parties separated on August 30, 1997[1] when husband moved into the Burlington Road apartment.

## IV.  SPOUSAL SUPPORT

Husband asserts that the trial court erred in its award of spousal support.  First he argues that Code § 20-107.1(F) requires "[i]n contested cases in the circuit courts, any order granting, reserving or denying a request for spousal support shall be accompanied by <u>written findings and conclusions</u> of the court identifying the factors in subsection E which support the court's order."  However, the provision requiring written findings and conclusions "shall apply only to suits for initial spousal support orders filed on or after July 1, 1998."  1998 Va. Acts, ch. 604, clause 2.  This case was filed September 4, 1997, and not subject to the statutory provision requiring written findings and conclusions.

Husband also argues that the amount of spousal support awarded, $525 per month, was an abuse of discretion.  The determination of whether a spouse is entitled to support and, if so, how much support rests within the sound discretion of the trial court and will be reversed on appeal only if plainly wrong or unsupported by the evidence.  <u>Sargent</u>, 20 Va. App. at 703, 460 S.E.2d at 600.  In reaching this decision, the trial court

---

[1] Several of husband's questions presented and/or assignments of error involve the trial court's determination of the date of separation.  As such, our holding on this issue is dispositive of those issues appealed by husband.

-

must weigh the needs and abilities of the parties and consider the factors set forth in Code § 20-107.1. Dukelow v. Dukelow, 2 Va. App. 21, 26, 341 S.E.2d 208, 210 (1986).

In the instant case the commissioner's written findings supporting the $525/month spousal support award provided:

> I have considered all of the statutory factors. I find that the parties had an often contentious marriage for 19 years; that each party will receive a substantial sum of money from the marital assets, including a monthly payment from the husband's military retirement. I further find that the parties' marital debt is not significant in view of their assets. I find that the parties have enjoyed a reasonable standard of living and that their ages, physical and mental conditions will not prevent either of the parties from maintaining current employment, nor are there any special conditions that will interfere with the parties' respective careers.

(Emphasis added). Viewed in the light most favorable to wife, the prevailing party, husband had an annual income of $108,293.90, including bonuses, plus $30,758.76 from military retirement benefits while the wife had an annual income of $45,604.80 plus $2,720 from summer employment plus $700 from work over Christmas break plus $4,426.32 from husband's military retirement benefits. Thus, we cannot say the trial court abused its discretion in granting a spousal support award of $525/month.

-

## V.  CHILD DEPENDENCY EXEMPTION

Husband argues the trial court erred in awarding the child dependency exemption pursuant to Code § 20-108.1 to wife. Husband's argument is without merit as the trial court unequivocally stated "neither party shall be required to sign documents to grant to the other the right to take the income tax dependency for any child."

## VI.  SAIC STOCK

Husband next alleges that 230 shares of SAIC stock he received in March 1998 should not have been included in the trial court's calculation because they were non-vested and no evidence established a value of non-vested stock.  "'In determining whether credible evidence exists [to support the court's finding,] the appellate court does not retry the facts, reweigh the preponderance of the evidence, or make its own determination of the credibility of witnesses.'"  Luczkovich, 26 Va. App. at 712, 496 S.E.2d at 162 (quoting Moreno v. Moreno, 24 Va. App. 190, 195, 480 S.E.2d 792, 795 (1997)).  In the instant case, husband testified that the 230 shares of stock were "non-vested stocks."  However, he also testified that this was a "[v]ested stock grant."  The trial court's determination that this stock was vested is supported by the evidence and will not be altered by this Court on appeal.[2]

---

[2] Husband also states that the trial court improperly valued this stock because there was no evidence as to the value of

-

Appellant contends that the award of 230 shares of stock, acquired in March 1998, was separate property because it was acquired after the date of separation.  Property acquired after the last separation is presumed to be separate property.  See Luczkovich, 26 Va. App. at 712, 496 S.E.2d at 162-63; see also Price v. Price, 4 Va. App. 224, 231, 355 S.E.2d 905, 909 (1987).  A party claiming property acquired after separation can overcome the presumption by establishing that the property was "acquired while some vestige of the marital partnership continued or was acquired with marital assets."  Dietz v. Dietz, 17 Va. App. 203, 211-12, 436 S.E.2d 463, 469 (1993).  Thus, the 230 shares delineated as a bonus was awarded for work done both before and after the date of separation.  Thus it is marital property to the extent that it was awarded for work done before the date of separation even though it was received after the date of the last separation.  See Howell, 31 Va. App. at 347-50, 523 S.E.2d at 521-23.

In the instant case, the trial court classified the bonus as part marital and part separate property on a prorated basis. Husband testified that he was unsure whether the bonus was for his work on a specific project or for the entire year.  Husband believed it might have been a bonus primarily for his work on a

---

non-vested SAIC stock.  However, the trial court set the value of vested SAIC stock at $58.87 per share.  As such, our holding on this issue is dispositive regarding the valuation of the stock, as the stock was determined to be vested.

-

"very successful project -- [that] contributed inordinately to our bottom line." He testified that this contract was awarded in July of 1997, before the date of separation. However, he also conceded that he was "responsible for about a third of the company and that includes about $20,000,000 worth of performing contracts." Thus, in the instant case, wife has met her burden of proving that at least a portion, if not all, of the bonus was earned prior to the date of separation. Under the facts of this case, it was not an abuse of discretion to prorate the bonus, 8/12 as marital and 4/12 as separate property based upon the portion of 1997 that the parties were together. See generally Howell, 31 Va. App. at 347-50, 523 S.E.2d at 521-23.

## VII. TAXES PAID IN EXERCISE OF SAIC STOCK OPTIONS

Husband states that the trial court failed to account for taxes imposed upon him in the exercise of his SAIC stock options. The commissioner in chancery's report provided that "[i]t does not appear that the husband can simply transfer stock to the wife as one could transfer a listed stock. Accordingly, I [sic] the following monetary award has taken into consideration the capital gains tax that will be assessed against the husband." Although the trial court's order does not specifically state that it accounts for the capital gains tax, the award was nearly identical to the commissioner's recommendation; $48,500 by the commissioner compared to $51,800 by the trial court. Furthermore, although husband alleges the

-

trial court did not consider income taxes paid in exercising the stock options, there was no evidence presented regarding taxes other than the capital gains tax. Therefore, based upon the record before us, we cannot say that the trial court failed to account for taxes assessed upon the husband in exercising his stock options.

VIII. ANTIQUE CAR COLLECTION

Husband contends the trial court erred in the classification of his antique car collection as marital property and in granting wife fifty percent of the value of the collection, exclusive of his $1,500 separate interest. Classification of property rests in the sound discretion of the trial court and will not be reversed unless it is plainly wrong or without evidence to support it. See Rahbaran v. Rahbaran, 26 Va. App. 195, 205, 494 S.E.2d 135, 139 (1997). Code § 20-107.3(A)(3) instructs the trial court on how property is to be classified:

> The court shall classify property as part marital property and part separate property as follows:
> a. In the case of income received from separate property during the marriage, such income shall be marital property only to the extent it is attributable to the personal efforts of either party. In the case of the increase in value of separate property during the marriage, such increase in value shall be marital property only to the extent that marital property or the personal efforts of either party have contributed to such increases, provided that any such personal efforts must be significant and

-

> result in substantial appreciation of the
> separate property.
>> For purposes of this subdivision, the
>> nonowning spouse shall bear the burden of
>> proving that (i) contributions of marital
>> property or personal effort were made and
>> (ii) the separate property increased in
>> value.  Once this burden of proof is met,
>> the owning spouse shall bear the burden of
>> proving that the increase in value or some
>> portion thereof was not caused by
>> contributions of marital property or
>> personal effort.
>>> "Personal effort" of a party shall be
>> deemed to be labor, effort, inventiveness,
>> physical or intellectual skill, creativity,
>> or managerial, promotional or marketing
>> activity applied directly to the separate
>> property of either party.
>
> *     *     *     *     *     *     *
>
>> e.  When marital property and separate
>> property are commingled into newly acquired
>> property resulting in the loss of identity
>> of the contributing properties, the
>> commingled property shall be deemed
>> transmuted to marital property.  However, to
>> the extent the contributed property is
>> retraceable by a preponderance of the
>> evidence and was not a gift, the contributed
>> property shall retain its original
>> classification.

(Emphasis added).  Thus, if a party "'chooses to commingle

marital and non-marital [property] to the point that direct

tracing is impossible,' the claimed separate property loses its

separate status." Rahbaran, 26 Va. App. at 208, 494 S.E.2d at

141 (citations omitted).  The party claiming the property to be

marital property must establish that marital funds or personal

efforts of one party were expended and this expenditure resulted

in an increase in value.  Code § 20-107.3(A)(3)(a).  The

-

personal efforts of only the owner-spouse are sufficient to cause the property to lose its separate status. See Rowe v. Rowe, 24 Va. App. 123, 130-34, 480 S.E.2d 760, 763-65 (1997); Peter N. Swisher et al., Virginia Family Law Theory and Practice § 11-13 n.14 & Ch. 11 app. 1, at 561-64 (2d ed. 1997). "For personal labor [or marital funds] contributed to property to be 'significant' and to cause or result in a substantial increase in value, without proof to the contrary, the personal labor [or marital funds] must amount to more than customary care, maintenance, and upkeep." Martin v. Martin, 27 Va. App. 745, 757, 501 S.E.2d 450, 456 (1998). Once established, the party claiming the property to be separate must then "(1) establish the identity of a portion of hybrid property and (2) directly trace that portion to a separate asset." Rahbaran, 26 Va. App. at 208, 494 S.E.2d at 141. This tracing does not require the segregation of the separate portion. Id. at 207, 494 S.E.2d at 141. However, "[e]ven if a party can prove that some part of the asset is separate, if the court cannot determine the separate amount, the 'unknown amount contributed from the separate source transmutes by commingling and becomes marital property.'" Id. at 208-09, 494 S.E.2d at 141 (citations omitted).

In the instant case, wife established that only four of the eight cars were purchased prior to marriage for approximately $1,260. The remaining vehicles were purchased during the

-

marriage for $9,000. At the time of the divorce, the vehicles were valued at $29,125. Husband claimed to have an agreement with his wife that would allow him to deposit $100 into a separate account every two weeks (i.e. $2,600 per year). Wife denied the agreement existed. Furthermore, she established that expenses for the cars far exceeded the $2,600 per year; $3,739.71 was spent in 1995, $7,717 in 1996, and $4,070 in 1997, the year they separated. Additionally, "he bought a lot of stuff. There was stuff being delivered to our house by UPS every day practically, every other day at least. He went -- he went on big buying trips." She testified that:

> He put a lot of time into the cars. You have a picture of the house that shows that big, huge garage full of parts. We have a rental garage -- rental house with a big, huge garage behind that that he's got stuffed with cars. The room over the garage was also his -- stuffed with cars, and he spent the majority of his time on that -- every night of the week on that -- antique car hopping -- and most of the weekends. A lot of time.
>
>     *     *     *     *     *     *     *
>
> [H]e had them sandblasted, made castings, completely redid them, painted them. He puts them together like models.

Husband testified that his intent was for the car hobby to become a business "to sell reproduction parts for white steam cars." In doing so he "bought a lot of car parts." During their marriage in 1978, he spent many hours working on the automobiles. Credible evidence proved that marital funds and

-

extensive personal efforts of one party, the husband, contributed to the substantial increase in value of the antique cars. The personal effort and marital funds expended were more than simple customary care, maintenance and upkeep of the cars.

Having met her burden of establishing that the increase in value resulted from marital funds and personal efforts, it was husband's burden to establish that the increase was not caused by the contributions of marital property or personal efforts. See Code § 20-107.3(A)(3). Husband failed to meet this burden. Husband offered no evidence to prove that a portion of the increased value of the antique car collection was attributable to either passive forces or the result of separate property being expended. We hold that the trial court did not err in finding the antique car collection, except for $1,500 of the collection, was marital property and that wife had an interest therein.

## IX. MONETARY AWARD

Husband next argues that the trial court's monetary award of $51,800 to wife was not supported by the record and additionally the trial court failed to explain its rationale. "[B]ased upon (i) the equities and the rights and interests of each party in the marital property, and (ii) the factors listed in subsection E, the court has the power to grant a monetary award." Code § 20-107.3(D). Although, the amount of a monetary award is within the sound discretion of the trial court, we must

-

be able to determine that the trial court has made a determination based upon the evidence as it relates to this code section.  See Trivett v. Trivett, 7 Va. App. 148, 153-55, 371 S.E.2d 560, 563-64 (1988).  However, this does not require the trial court to "'quantify or elaborate exactly what weight or consideration it has given to each of the statutory factors.  It does mean, however, that the court's findings must have some foundation based on the evidence presented.'"  Id. at 154, 371 S.E.2d at 563 (quoting Wagner v. Wagner, 4 Va. App. 397, 410, 358 S.E.2d 407, 414 (1987)).

The commissioner's report, as adopted by the trial court, provides:

> It is regrettable that the husband's SAIC stock is restricted as to transfers and ownership.  It does not appear that the husband can simply transfer stock to the wife as one could transfer a listed stock.  Accordingly, I [sic] the following monetary award has taken into consideration the capital gains tax that will be assessed against the husband.
> As part of the wife's monetary award (other parts coming from the husband's military pension, the husband's 401K plan, and the sale and division of certain assets), recommend that the husband pay to wife a partial award for other assets titled in his name of $48,500.00.

Furthermore, the trial court's order provides, "with this payment the defendant shall retain the SAIC stock, SAIC stock options, coin collection, and antique car collection."  This monetary award was to compensate wife for her interests in

-

non-liquid items.  Thus, we cannot say that the trial court's grant of a monetary award was an abuse of discretion as it was supported by the evidence.

## X.  $10,000 CASH

Lastly, husband claims the trial court should have credited him with $10,000 he gave to wife during their separation. Resolution of a dispute of facts is within the discretion of the trial court.  Howell, 31 Va. App. at 341, 523 S.E.2d at 519. When the trial court accepts the commissioner's findings of fact, this Court will presume those finding are correct and the court's decision will not be disturbed on appeal unless plainly wrong or without evidence to support it.  Id.  In the instant case the husband testified that he gave his wife $10,000.  Wife testified, "He never gave me $10,000 to pay my bills."  The trial court resolved this dispute in favor of the wife.  This finding is supported by credible evidence and will not be disturbed on appeal.

## XI.  CONCLUSION

For the reasons set forth above, we affirm the judgment of the trial court.

Affirmed.

-