164

# CIRCUIT COURT OF ARLINGTON COUNTY

Claire N. Jacobi

v.

Peter H. Jacobi

May 10, 2001

Case No. (Chancery) 00-155

BY JUDGE JOANNE F. ALPER

On February 28, 2000, the complainant, Claire N. Jacobi, filed for divorce. In the Bill of Complaint, the complainant states the grounds for divorce as follows:

(7) Since February 25, 1999, the parties have lived separate and apart from each other without any cohabitation and without interruption, although remaining within the same house; during such time, it was the intention of at least one of the parties that the separation be permanent; and, there is no possibility of a reconciliation between the parties.

In an *ore tenus* hearing on February 20, 2001, the complainant and two corroborating witnesses presented evidence in support of the request for divorce based on one year separation although the parties were still residing in the same home. In this Court's opinion, the degree of corroboration was insufficient and the complainant was invited to provide authority for the Court to grant a divorce under these circumstances. After careful consideration, it is this Court's ruling that a divorce cannot be granted on the ground of living separate and apart for one year because the parties continue to reside in the marital home together and because of the insufficiency of the corroboration.

*Separate and Apart*

In the memorandum provided by counsel, complainant relies heavily on the decision in *Chandler v. Chandler*, 132 Va. 418 (1922), as authority to grant the divorce. In *Chandler*, a divorce was granted on the ground of desertion despite the fact that the parties remained in the marital home together. *Chandler* establishes the viability of "constructive desertion" as a ground for divorce when the parties continue to cohabit. But unlike *Chandler*, the ground for the divorce in this case is one year separation, not constructive desertion. There is an important distinction to be made between these two grounds for divorce. Constructive desertion can be established based on the conduct, or lack of conduct, between the parties while still residing in the same home. Quoting *Chandler*, "abandonment — desertion — may be complete under the same shelter as if oceans rolled between." Abandonment or desertion can be established by examining the facts surrounding the demise of the marriage, even when the parties are under the same roof. A divorce based on one year separation does not require any evidence regarding the nature of the marital relationship.

The legislature enacted Va. Code § 20-91(9) to permit the granting of a divorce to either spouse regardless of fault and without any inquiry into the quality of the relationship, when the parties have lived separate and apart for the required period. *Canavos v. Canavos*, 205 Va. 744 (1965). Living separate and apart requires more than mere physical separation. The act of physically separating must be coupled with the intent to end the marriage at the time of the separation. *Hooker v. Hooker*, 215 Va. 415 (1975). But physical separation is required before the court can even look at the intent of the parties at the time of the separation. A plain reading of the language "living separate and apart" logically precludes the parties from asserting that they live separate and apart yet live in the same home, use the same kitchen, and sit together in the same room.

Complainant cites two unpublished cases from the Virginia Court of Appeals where the parties were granted a divorce based on one year separation but lived in the same dwelling. In *Garvey v. Rice*, 1993 Va. App. LEXIS 495 (1993), the husband returned to the same building as his wife after a period of separation but lived in a "separate apartment." In *McRae v. McRae*, 1996 Va. App. LEXIS 617 (1996), the husband was forced to stay on the couch in March of 1994 and eventually moved in to the garage apartment where he remained until May 1995. The wife frequently stayed overnight at her sister's home during that period. Despite the shared use of the bathroom and laundry facilities, the couple used the March 1994 date as the date of separation. In

both cases, there was a period of time when one of the parties moved out and never again resumed living under the same roof. The circumstances in this case are not comparable. There is no explanation for the parties continuing to live under the same roof, even as of the date of the *ore tenus* hearing.

## Corroboration

There is the additional problem of adequate corroboration given the unusual living arrangement in this case. Complainant relies on the case of *Pommerenke v. Pommerenke*, 7 Va. App. 241 (1988), and asserts that the corroboration provided by the witnesses need only be "slight." In *Pommerenke*, the wife initially filed for divorce based on constructive desertion. The husband filed a cross-bill also asserting desertion and later amended his cross-bill to include adultery after the intimate relationship between the wife and her lover came to light. Complainant properly cites *Pommerenke* as stating that "where it is apparent that there is no collusion, the corroboration needs to be only slight." *Id*. at 245. The strong evidence of the wife's affair made any risk of collusion minimal. But when there is no evidence that clearly eliminates the risk of collusion, such as evidence of an adulterous affair, the corroboration must be sufficient, not merely slight.

Corroboration need not be provided solely by witness testimony, but may be furnished by the surrounding circumstances. *Id*. at 245. The facts in this case vary greatly from those in *Pommerenke*. In *Pommerenke*, the court had written and testimonial evidence of the adulterous relationship between the wife and her lover. Additionally, the potential harm that the wife would suffer if a divorce was granted based on her adultery made the risk of collusion unlikely since she would be adversely affected if the divorce was granted based on her infidelity.

There are no comparable circumstances in this case to eliminate the risk of collusion. Here, we have only the limited testimony of two witnesses who claim that Mr. and Mrs. Jacobi have separate bedrooms in the marital home; however, neither witness ever stayed as an overnight guest to witness whether they slept in separate rooms at all times. While common sense cannot be abandoned and the presence of two bedrooms is some evidence of separation, it should be noted that many couples choose to sleep in separate rooms as the years go by for any number of reasons while not intending to end the marriage. The admittedly limited corroboration by the witnesses at the February 20, 2001, hearing, coupled with the lack of any explanation legitimizing why the parties continued to reside together in the marital home, is not sufficient corroboration.

## Conclusion

A divorce based on living separate and apart for one year requires that the parties physically separate their lives. Without that physical act, the court cannot look to the intent of the parties to end the marriage. Fault-based grounds for divorce exist if the parties desire for the court to examine the nature of the marital relationship. But one of the purposes behind enacting a ground for divorce based on separation for the prescribed length of time is to avoid such an intrusion and rely on the act of physically separating as proof of the demise of the marriage. To avoid the risk of collusion between the parties, the separation must be clearly established and corroborated by both witness testimony and the circumstances surrounding the separation. Because the parties continue to live in the same house with no satisfactory explanation and insufficient corroboration eliminating the risk of collusion, a divorce cannot be granted based on living separate and apart.

Based on the forgoing, the Court declines to enter the final decree of divorce based on one year separation.