COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Fitzpatrick, Judges Frank and Clements


JAYNE RENEE ATHEY

MEMORANDUM OPINION[*]

v.    Record No. 0859-03-4                    PER CURIAM
                                           SEPTEMBER 23, 2003
ROBIN DWANE ATHEY


FROM THE CIRCUIT COURT OF THE CITY OF ALEXANDRIA
Alfred D. Swersky, Judge

(Christian Curtis, on brief), for appellant.

(Sandra R. Robinson, on brief), for appellee.


Jayne Renee Athey (wife) appeals the decision of the circuit court awarding Robin Dwane Athey (husband) a divorce. On appeal, wife contends (1) the trial court erred by finding husband "formed the intent to separate permanently on July 1, 2001," and (2) the trial court abused its discretion by denying her motions for equitable distribution and spousal support. Upon reviewing the record and briefs, we conclude that this appeal is without merit.[1] Accordingly, we summarily affirm the decision of the trial court. See Rule 5A:27.

---

     * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

     [1] Because we find wife's arguments lack merit and summarily affirm the trial court's decision, we need not address husband's questions presented.

## Background

On appeal, we view the evidence and all reasonable inferences in the light most favorable to appellee as the party prevailing below.  See McGuire v. McGuire, 10 Va. App. 248, 250, 391 S.E.2d 344, 346 (1990).

The parties married on May 6, 1989.  On July 1, 2001, husband and wife separated.  Husband testified that his intent at that time was that the separation be permanent and that his intent remained constant during the following twelve-month period.  Husband's statement was corroborated by witness testimony.

## Analysis

### I.

Under Code § 20-91(A)(9)(a), a divorce may be granted "[o]n the application of either party if and when the husband and wife have lived separate and apart without any cohabitation and without interruption for one year."  This statute requires "proof of an intention on the part of at least one of the parties to discontinue permanently the marital cohabitation, followed by physical separation for the statutory period." Hooker v. Hooker, 215 Va. 415, 417, 211 S.E.2d 34, 36 (1975).  Determination of whether and when the parties have "lived separate and apart without cohabitation" is a fact-based inquiry, requiring examination of all the circumstances before the court.

Husband and his witness testified he left the marital residence on July 1, 2001 with the intention to permanently separate from wife. He asserted he retained that intention during the entire separation period.

The trial court heard the testimony of the witnesses and believed husband's assertions. "We defer to the trial court's evaluation of the credibility of the witnesses who testify ore tenus." Shackelford v. Shackelford, 39 Va. App. 201, 208, 571 S.E.2d 917, 920 (2002). Read in full, the post-separation electronic correspondence, introduced by wife to support her contention that husband possessed the desire to reconcile during the separation period, failed to demonstrate such an intention. Husband gave unambiguous testimony that it was his desire to separate from wife. Therefore, there was sufficient evidence to support the trial court's decision awarding husband a divorce on the ground of a one-year separation.

## II.

At trial, wife moved the court, for the first time, for equitable distribution and spousal support. The final order reflects that the trial court denied the motions. However, the record does not indicate the basis for the court's decision. Wife asserts in her argument that the trial court rejected her motions because she failed to formally pray for equitable distribution and spousal support. She also asserts the trial court abused its discretion by failing to "inquire[] further or

appl[y] the standard of full, clear and adequate proof" of her accusation that husband actively misled her "into thinking her right to equitable distribution and spousal support had been preserved."

> "We have many times pointed out that on appeal the judgment of the lower court is presumed to be correct and the burden is on the appellant to present to us a sufficient record from which we can determine whether the lower court has erred in the respect complained of.  If the appellant fails to do this, the judgment will be affirmed."

Smith v. Commonwealth, 16 Va. App. 630, 635, 432 S.E.2d 2, 6 (1993) (quoting Justis v. Young, 202 Va. 631, 632, 119 S.E.2d 255, 256-57 (1961)).  We cannot determine from the record, which includes the statement of facts wife prepared, the basis for the trial court's denial of her motions.  The record is insufficient to decide the present issue.

Accordingly, we summarily affirm the decision of the trial court.  See Rule 5A:27.

Affirmed.