COURT OF APPEALS OF VIRGINIA


Present: Judges Annunziata, McClanahan and Senior Judge Coleman


SOL ANGEL PERRY

MEMORANDUM OPINION[*]
v.      Record No. 2323-03-1                                                    PER CURIAM
                                                                                           MARCH 30, 2004
LAVADIS ROMEL PERRY


FROM THE CIRCUIT COURT OF THE CITY OF HAMPTON
Christopher W. Hutton, Judge

(Fred C. Hardwick, II, Guardian *ad litem*; Eusner & Hardwick, P.C.,
on brief), for appellant.

(James B. Thomas; The Law Offices of J. B. Thomas & Associates,
on brief), for appellee.


Sol Angel Perry, wife, appeals the trial court's granting of a divorce *a vinculo matrimonii*

from Lavadis Romel Perry, husband. On appeal, wife contends the evidence did not prove husband

intended to terminate the marriage at the time of separation. Upon reviewing the record and the

briefs of the parties, we conclude that this appeal is without merit. Accordingly, we summarily

affirm the decision of the trial court. Rule 5A:27.

The parties were married on August 3, 1990. They had one child who was born in 1992.

On July 24, 2002, husband filed a bill of complaint seeking a divorce from wife pursuant to Code

§ 20-91(9), asserting that the parties had lived separate and apart without cohabitation and without

interruption for one year. At the time of the filing, wife was incarcerated.

In his deposition before the commissioner in chancery (commissioner), husband testified

that since about January 6, 1998, he and wife have lived separate and apart, without cohabitation

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

and without interruption. He also agreed that it had been his intention since the date of separation to remain apart from wife permanently and indefinitely. He stated there is no probability of reconciliation between the parties. On cross-examination, wife's guardian *ad litem* asked husband whether he and wife had cohabitated in England in September 1998. Husband replied that in September 1998, wife came to England for one week in order to "drop off" their son. Aaron Lee, a witness for husband, testified that husband intended that the parties' separation be permanent.

The commissioner filed a report finding that the parties separated on or about January 6, 1998 and have lived separate and apart continuously, without interruption and without cohabitation since that time. The commissioner also stated "[t]here is no evidence that a reconciliation is probable." Neither party filed any objections to the commissioner's report.

On August 6, 2001, the trial court entered a decree for divorce *a vinculo matrimonii* pursuant to Code § 20-91(9), finding that since about January 6, 1998, the parties had separated "with the intention then and there existing that said separation be permanent." Wife noted no objection to this finding, her guardian *ad litem* endorsing the final order with a general objection "SEEN AND object[ed] to on behalf of [appellant]."

Pursuant to Code § 20-91(A)(9)(a), a divorce may be granted "[o]n the application of either party if and when the husband and wife have lived separate and apart without any cohabitation and without interruption for one year." This statute requires "proof of an intention on the part of at least one of the parties to discontinue permanently the marital cohabitation, followed by physical separation for the statutory period." Hooker v. Hooker, 215 Va. 415, 417, 211 S.E.2d 34, 36 (1975).

Husband gave unambiguous testimony that it was his intention to permanently separate from wife. His testimony was accepted by the commissioner and the trial court. "The credibility of the witnesses and the weight accorded the evidence are matters solely for the fact finder who has the opportunity to see and hear that evidence as it is presented." Sandoval v.

- 2 -

<u>Commonwealth</u>, 20 Va. App. 133, 138, 455 S.E.2d 730, 732 (1995).  The evidence is sufficient to support the trial court's decision awarding husband a divorce on the ground of a one-year separation.

Accordingly, we summarily affirm the decision of the trial court.

<u>Affirmed.</u>