## CIRCUIT COURT OF ROANOKE COUNTY

Teresa Joyce Austin

v.

Rebekah Theodora Austin

May 27, 2008

Case No. CL07-607

BY JUDGE CLIFFORD R. WECKSTEIN

Proceeding as she might in a divorce or annulment suit, plaintiff, Teresa Austin ("Teresa"), asks this court to dissolve or annul a civil union that she entered into with Rebekah Austin ("Rebekah") under the laws of Vermont, or to declare that the civil union between the parties "is not a valid marriage." Complaint, Prayer for Relief. She "wishes to obtain legal recognition that the civil union between her and the Defendant has been terminated so that the Defendant may not attempt to avail herself of any rights which may have been conferred upon her by the union." *Id.* ¶ 14.

Teresa and Rebekah are adult women who, according to the evidence, established a civil union with one another in Bennington, Vermont, on November 27, 2002. See copy of the "Vermont License and Certificate of Civil Union," which is incorporated by reference, also the Complaint and the proposed decree tendered by the plaintiff's lawyer. According to the pleadings and depositions, the parties then lived together in Roanoke County, Virginia until March 3, 2007. A nonparty witness testified that the parties have lived separate and apart, without interruption, without cohabitation, and with intent to be permanently apart, since March 3, 2007, and that there is no probability of reconciliation between them. Uninterrupted and intentional separation for more than one year is a ground for divorce under Virginia law. *See* Va. Code § 20-91(9); *Hooker v. Hooker*, 215 Va. 415, 211 S.E.2d 34 (1975). The plaintiff

offered the testimony of a nonparty witness because "[n]o divorce, annulment, or affirmation of marriage shall be granted on the uncorroborated testimony of the parties, or either of them." Va. Code § 20-99. The non-party witness also testified that no children had been born to or adopted by the parties. Thus, the principles that controlled the decision in *Miller-Jenkins v. Miller-Jenkins*, 49 Va. App. 88, 637 S.E.2d 330 (2006), have no bearing on the case at bar. According to Teresa's deposition testimony, she seeks dissolution of the civil union "[b]ecause Rebekah stole money from me and I do not want to be in a relationship with her anymore, and I do not want her to be able to make any claims on me or my property as a spouse or partner in a civil union." Deposition of Teresa Joyce Austin, March 19, 2008, p. 2.

According to the testimony, Teresa is, and, for more than six months immediately preceding commencement of this suit, was, an actual *bona fide* resident of, and domiciled in, the Commonwealth of Virginia. "No suit for annulling a marriage or for divorce shall be maintainable, unless one of the parties is and has been an actual *bona fide* resident and domiciliary of this Commonwealth for at least six months preceding the commencement of the suit. . . ." Va. Code § 20-97. Although the evidence indicates that Rebekah now lives in the State of Washington, she was personally served in Virginia with process in this suit. She has not answered or otherwise responded to the plaintiff's complaint. In suits for divorce, annulment, or affirmation of marriage, however, Virginia law provides that "whether the defendant answers or not, the cause shall be heard independently of the admissions of either party in the pleadings or otherwise." Va. Code § 20-99.

Vermont law explicitly authorizes civil unions between persons of the same sex. In that state, those who enter into civil unions "have all the same benefits, protections, and responsibilities under law, whether they derive from statute, administrative or court rule, policy, common law, or any other source of civil law, as are granted to spouses in a marriage." 15 Vt.S.A. § 1204(a); *see generally*, 15 Vt.S.A. §§ 1201-1207. A civil union is not, under Vermont law, a "marriage." "Marriage means the legally recognized union of one man and one woman." 15 Vt.S.A. § 1201(4). Civil unions are to be dissolved, under Vermont law, through the same legal process employed for dissolution of marriages, and, as with suits for divorce, those who look to Vermont's courts for dissolution of civil unions must meet that state's residency requirements. 15 Vt.S.A. § 1206; 15 Vt.S.A. § 592 (complaint may be filed if either party has been a resident for six months, but dissolution cannot be granted unless one of the parties has resided within Vermont for one year next preceding the final hearing in the case). Neither party, according to the evidence, meets those requirements.

Under the Constitution of Virginia, "only a union between one man and one woman may be a marriage valid in or recognized by this Commonwealth and its political subdivisions." Constitution of Virginia, Art. I, § 15-A.

> This Commonwealth and its political subdivisions shall not create or recognize a legal status for relationships of unmarried individuals that intends to approximate the design, qualities, significance, or effects of marriage. Nor shall this Commonwealth or its political subdivisions create or recognize another union, partnership, or other legal status to which is assigned the rights, benefits, obligations, qualities, or effects of marriage.

*Id.*

Thus, the Code of Virginia provides that "[a] civil union, partnership contract, or other arrangement between persons of the same sex purporting to bestow the privileges or obligations of marriage is prohibited. Any such civil union, partnership contract, or other arrangement entered into by persons of the same sex in another state or jurisdiction shall be void in all respects in Virginia, and any contractual rights created thereby shall be void and unenforceable." Va. Code § 20-45.3.

The Full Faith and Credit Clause of the Constitution of the United States Art. IV, § 1, is not implicated in this case, because of what is sometimes called the "public policy exception." The clause "does not compel a state to substitute the statutes of other states for its own statutes dealing with a subject matter concerning which it is competent to legislate." *Franchise Tax Bd. v. Hyatt*, 538 U.S. 488, 494 (2003) (citations and internal quotation marks omitted). *See* 28 U.S.C. § 1738(c) ("No state, territory, or possession of the United States, or Indian tribe, shall be required to give effect to any public act, record, or judicial proceeding of any other State, territory, possession, or tribe respecting the relationship between persons of the same sex that is treated as a marriage under the laws of such other State, territory, possession, or tribe, or a right or claim arising from such relationship.")

Where does that leave Teresa Austin's prayer for relief in this case? To an extent the relief sought can be granted in a suit in which this court has subject-matter jurisdiction (Va. Code § 17.1-500) and personal jurisdiction over the parties, the court finds that, within the boundaries of Virginia, the purported civil union between Teresa and Rebekah is void. No rights created by the civil union are enforceable by this or any court of this Commonwealth. Va. Code § 20-45.3.

Teresa, of course, seeks more. But what she seeks, a Virginia court cannot constitutionally give. Any declaration about the status of the Vermont-created relationship between the parties, any (in the words of the Complaint) "legal recognition that the civil union between [Teresa and Rebekah] has been terminated," requires the court, an agency of the Commonwealth, to "recognize a legal status for relationships of unmarried individuals that intends to approximate the design, qualities, significance, or effects of marriage [or] recognize another union, partnership, or other legal status to which is assigned the rights, benefits, obligations, qualities, or effects of marriage." Constitution of Virginia, Art. I, § 15-A. This, of course, I am forbidden to do by the Constitution and Code of Virginia.

Sound judicial discretion and the Full Faith and Credit Clause also auger against a decision that a Virginia trial court has the power to declare that a legal relationship created and entered into in Vermont is void everywhere and for all time. If one of the parties to this suit were to become a resident of Vermont, for example, the courts of that state might legitimately wonder how, in our constitutional system, this court had the power to invalidate Vermont's statutory scheme.

Accordingly, the court adjudges, orders, and decrees:

1. Within the boundaries of Virginia, the purported civil union between Teresa Joyce Austin and Rebekah Theodora Austin is void. No rights created by the purported civil union are enforceable by this or any court of this Commonwealth.

2. No other relief is granted.

3. Nothing further remaining to be done, the Clerk shall remove this cause from the docket and place it among matters ended, indexing it in the names of Teresa Joyce Austin, Rebekah Theodora Townley, Rebekah Theodora Townley, Rebekah Theodora Austin, and Rebekah Theodora Austin.

4. Endorsements are dispensed with pursuant to Rule 1:13. The court reserves to the plaintiff all objections to the rulings contained herein, and specifically reserves to the plaintiff her objection to the court's failure to enter the decree tendered by the plaintiff's lawyer.

5. The Clerk is directed to send two certified copies of this decree to Evelyn K. Krippendorf, Esq., The Krippendorf Law Firm, 354 W. Campbell Avenue, Roanoke, Virginia 24016. This is a final decree.