COURT OF APPEALS OF VIRGINIA

Present: Judges McCullough, Chafin and Russell
Argued at Richmond, Virginia

UNPUBLISHED

CHARLES LEE BELLE

v.      Record No. 0540-15-2

MAIRA J. BELLE

MEMORANDUM OPINION[*] BY
JUDGE TERESA M. CHAFIN
JANUARY 19, 2016

FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
Margaret P. Spencer, Judge Designate

Brandy M. Poss (DeFazio Bal, P.C., on briefs), for appellant.

Norman A. Thomas (Norman A. Thomas, PLLC, on brief), for
appellee.


On March 10, 2015, the Circuit Court of the City of Richmond granted a divorce to

Charles Lee Belle ("husband") and Maira J. Belle ("wife"), distributed their marital property

pursuant to Code § 20-107.3, awarded wife spousal support pursuant to Code § 20-107.1, and

awarded wife attorney's fees. Husband timely filed a motion to set aside the circuit court's order

and a motion to reconsider the decision, and the circuit court denied both motions. On appeal,

husband challenges the circuit court's decision in eleven assignments of error. Among his

challenges, husband contends that the circuit court erred "by awarding a divorce based upon the

uncorroborated testimony of the parties." We agree with husband's argument, and accordingly,

we reverse the circuit court's decision and dismiss this case without addressing his other

assignments of error.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

## I. BACKGROUND

Because the parties are fully conversant with the record in this case and this memorandum opinion carries no precedential value, we recite only those facts and incidents of the proceedings as are necessary to the parties' understanding of the disposition of this appeal. Furthermore, under settled principles of appellate review, we view the evidence in the light most favorable to wife, the party who prevailed below concerning this particular issue, and grant her the benefit of any reasonable inferences. Congdon v. Congdon, 40 Va. App. 255, 258, 578 S.E.2d 833, 835 (2003). So viewed, the evidence is as follows.

Husband and wife were married on August 21, 2004. Wife filed a complaint requesting a divorce from her husband on May 2, 2011. On May 31, 2011, husband filed an answer to wife's complaint and a counterclaim in which he requested a divorce based on the grounds of desertion or constructive desertion. In the alternative, husband requested a no-fault divorce pursuant to Code § 20-91(A)(9)(a) based on the fact that the parties had lived separate and apart for more than one year.

The circuit court heard evidence *ore tenus* in this matter on October 28 and November 25, 2014. Both husband and wife testified at these hearings. The only other witness who testified was the tax preparer for husband's business. Her testimony focused exclusively on the preparation and interpretation of certain tax documents and did not concern the grounds for the parties' divorce. Both parties introduced documents into evidence that included medical and credit card bills, employment documents and pay stubs, criminal records, records from the Department of Motor Vehicles, and tax returns for husband and husband's business. Court documents relevant to the proceedings, including protective orders, an arrest warrant, and a summons, were also introduced into evidence. No depositions or affidavits were introduced at either hearing.

After considering the evidence presented, the circuit court awarded the parties a divorce based "on the grounds that the parties have lived separate and apart since January 29, 2010." Husband filed a motion to set aside the decision. In his motion to set aside, husband argued that the circuit court granted the divorce based solely on the uncorroborated testimony of the parties.[1] Husband noted that no depositions or affidavits had been filed with the circuit court or introduced into evidence and that an independent third-party witness had not testified to corroborate the grounds for divorce. Husband also noted that the circuit court's case information system erroneously indicated that the case had been concluded by deposition.

In response, wife argued that the income tax documents, pay stubs, and medical bills introduced into evidence established that the parties had continuously lived at different residences during the one-year period preceding the circuit court's entry of the final decree of divorce. Wife claimed that this evidence sufficiently corroborated the grounds for divorce and supported the circuit court's decision. In the event that the circuit court concluded that there was not sufficient corroborating evidence, however, wife urged the circuit court "to hold a short supplemental hearing and bring in a corroborating witness" to remedy the deficiency.

The circuit court found "sufficient corroborating evidence for the divorce based on living separate and apart, without interruption, for twelve months." The circuit court noted that both parties sought a divorce on those grounds, and concluded that "given the exhibits and *ore tenus* evidence presented at trial, no depositions were required." The circuit court denied the husband's motion to set aside, and this appeal followed.

---

[1] Husband's motion to reconsider also contained his argument concerning the lack of corroborating evidence.

II.  ANALYSIS

On appeal, we "do[] not retry the facts, reweigh the preponderance of the evidence, or make [our] own determination of the credibility of witnesses."  Ranney v. Ranney, 45 Va. App. 17, 31, 608 S.E.2d 485, 492 (2005) (alterations in original) (quoting Moreno v. Moreno, 24 Va. App. 190, 195, 480 S.E.2d 792, 795 (1997)).  "[W]here, as here, the court hears the evidence *ore tenus*, its findings are entitled to great weight and will not be disturbed on appeal unless plainly wrong or without [supporting] evidence . . . ."  Id. (quoting Alphin v. Alphin, 15 Va. App. 395, 399, 424 S.E.2d 572, 574 (1992)).  However,

> It is an undoubted general principle of the law of divorce in this country that the courts . . . possess no powers except such as are conferred by statute; and that, to justify any act or proceeding in a case of divorce, whether it be such as pertains to the ground or cause of action itself, to the process, pleadings or practice in it, or to the mode of enforcing the judgment or decree, authority must be found in the statute, and cannot be looked for elsewhere, or otherwise asserted or exercised.

McCotter v. Carle, 149 Va. 584, 593-94, 140 S.E. 670, 673-74 (1927) (quoting Barker v. Dayton, 28 Wisc. 367, 379 (1871)).

"No divorce, annulment, or affirmation of a marriage shall be granted on the uncorroborated testimony of the parties or either of them."  Code § 20-99(1).

> The question of corroboration is one of fact, the decision of which in each case depends upon the peculiar facts of that particular case. It is not necessary that the testimony of the complaining spouse be corroborated on every element or essential charge stated as a ground for divorce.  The corroborative testimony need not be sufficient, standing alone, to prove the alleged ground for divorce. *. . . The general rule is that where a particular fact or circumstance is vital to [the] complainant's case, some evidence of the same, in addition to the complainant's own testimony, is essential.*  The main object of the provision of the statute requiring corroboration is to prevent collusion.  Where it is apparent that there is no collusion, the corroboration needs to be only slight. . . . [Additionally, corroboration] need not rest in the testimony of

- 4 -

> witnesses but may be furnished by surrounding circumstances adequately established.

Graves v. Graves, 193 Va. 659, 661-62, 70 S.E.2d 339, 340-41 (1952) (emphasis added) (quotation marks and citations omitted); see also Dodge v. Dodge, 2 Va. App. 238, 245-46, 343 S.E.2d 363, 367 (1986).

Among other grounds, a circuit court may award a divorce "[o]n the application of either party if and when the husband and wife have lived separate and apart without any cohabitation and without interruption for one year." Code § 20-91(9)(a). Additionally, the parties must prove that at least one of them intended "to discontinue permanently the marital cohabitation" at the time of their physical separation. Hooker v. Hooker, 215 Va. 415, 417, 211 S.E.2d 34, 36 (1975). The parties must establish that they separated with the intent to permanently end their marriage. See id.

While we are mindful of our deferential standard of appellate review, after reviewing the evidence presented in this case, we conclude on these particular facts that the parties failed to present adequate evidence corroborating the grounds for their divorce. The evidence presented by the parties in this case failed to corroborate that they lived separate and apart continuously without cohabitation for one year. The evidence also failed to corroborate that at least one of the parties intended to end the marriage at the time of their separation.

Although both parties testified that they had lived separate and apart for one year continuously with the intention of ending their marriage,[2] no other witness corroborated their testimony. The only other witness who testified was an individual who prepared tax documents for husband's business, and her testimony was limited to the preparation and interpretation of

---

[2] Wife also testified that the parties attempted to reconcile during the year following their initial separation and that they maintained a sexual relationship for almost three years.

those documents. She did not testify about the grounds for the parties' divorce. Furthermore, neither party submitted depositions or affidavits from third party witnesses to corroborate the grounds for their divorce.

On appeal, wife argues that the circuit court correctly determined that the exhibits the parties introduced into evidence corroborated the grounds for their divorce. At most, however, those documents only corroborated that the parties lived at separate residences.[3] Standing alone, evidence that parties have lived at separate residences does not establish that the parties intended to end their marriage at the time of their separation. See id. (holding there was no proof of intent to end the marriage when one spouse lived in Virginia and the other lived in Vietnam).

Moreover, the exhibits themselves failed to establish that the parties had lived at separate residences continuously for one year. While the exhibits corroborated that husband had lived at the marital residence throughout the parties' separation, they only established that wife had lived at her residence for approximately six months rather than the one-year period required by Code § 20-91. The only documents introduced into evidence that corroborated the address of wife's residence were pay stubs from her employer and her medical bills. The first pay stub was dated March 13, 2014, and the last pay stub was dated September 11, 2014. Similarly, the earliest medical bill in evidence was dated June 20, 2014, and the latest bill was dated September 8, 2014.

Due to the lack of evidence corroborating the essential facts establishing the grounds for the parties' divorce, the circuit court erred in denying husband's motion to set aside the decision awarding a divorce to the parties. The circuit court should have granted husband's motion and

---

[3] While wife sought several protective orders against husband, the last order that she sought was voluntarily dismissed due to the parties' attempted reconciliation. Thus, the documents in the record pertaining to the protective orders do not imply that either party intended to end the marriage.

dismissed the parties' case because neither of them presented evidence sufficient to support an

award of divorce.[4]  Accordingly, we reverse the circuit court's decision and dismiss this case.

Reversed and dismissed.[5]

---

[4] We note that the circuit court could not have distributed the parties' assets or awarded spousal support as it did in this case without first granting the parties a divorce.  No decree of equitable distribution can be made before the parties are divorced.  Parra v. Parra, 1 Va. App. 118, 124, 336 S.E.2d 157, 160 (1985); see also Code § 20-107.3(A) (allowing equitable distribution "upon decreeing a divorce from the bond of matrimony").  Although Code § 20-107.1 allows a circuit court to award spousal support "upon the entry of a decree providing . . . that neither party is entitled to a divorce," such a decree was not entered in this case.  Wife requested an award of spousal support in conjunction with her request for a divorce and an equitable distribution of the parties' property, and the circuit court considered the provisions of its equitable distribution order in determining the amount of wife's support award.  Thus, wife's request for spousal support was also contingent on the award of a divorce to the parties.

[5] Both parties request an award of appellate attorney's fees and costs.  "The appellate court has the opportunity to view the record in its entirety and determine whether [an] appeal is frivolous or whether other reasons exist for requiring additional payment."  O'Loughlin v. O'Loughlin, 23 Va. App. 690, 695, 479 S.E.2d 98, 100 (1996).  Upon consideration of the record on appeal, we decline to award either party attorney's fees or costs and deny each party's request for such award.  While husband prevailed on appeal, both parties contributed to the necessity of this appeal by failing to introduce sufficient corroborating evidence and wife attempted to avoid the need for an appeal on this issue by requesting the circuit court to hold an additional hearing for the presentation of corroborating evidence.