19264

Richard E. SHAW, Respondent, v. Ida Ann D. SHAW, Appellant.

(182 S. E. (2d) 865)

*J. D. Todd, Jr., Esq., Leatherwood, Walker, Todd & Mann, of Greenville for the Appellant,*

*C. Ben. Bowen, Esq., Abrams, Bowen* and *Townes,* of Greenville, *for Respondent,*

August 2, 1971.

Bussey, Justice.

This is a divorce action in which the husband has been granted a divorce by the lower court, at least in effect on the ground of insanity although ostensibly on another ground. The wife, represented by a guardian *ad litem* and appointed counsel, appeals. The parties have been married since July, 1945, and have three children, ranging from nine to twenty-four years of age at the time of the hearing in 1970. The separation of the parties commenced when, on June 1, 1964, the wife was confined to the South Carolina State Hospital where she still remains as a patient.

The divorce action commenced in 1969 was predicated upon Code Section 20-101 (5) of the Code of Laws of South Carolina for 1962 as amended in 1969, it being alleged that the parties had been continuously separated for a period of "at least three years" prior to the commencement of the action. In 1969 Article XVII, Sec. 3 of the Constitution was amended by inserting an additional ground for divorce, as follows: "continuous separation for a period of at least three years * * *", and if the husband has a ground for divorce, it is by virtue of this constitutional provision. The Constitution is a limitation upon the power of the legislature to allow divorce upon any ground other than those enumerated therein. *Nolletti v. Nolletti,* 243 S. C. 20, 132 S. E. (2d) 11.

South Carolina is the only state in the Union which deals with divorce in its constitution and for most of its history divorces from the bonds of matrimony have not been allowed. The history of divorce in this state and the strong public policy of this state relating to the fostering and protection of marriage are both discussed at some length in the decision of this Court in *Brown v. Brown,* 215 S. C. 502, 56 S. E. (2d) 330. In construing a constitutional amendment a pri-

mary object of the court is to determine the intention of those who proposed it and of the people who adopted it. *Mungo v. Shedd,* 247 S. C. 195, 146 S. E. (2d) 617; *Miller v. Farr,* 243 S. C. 342, 133 S. E. (2d) 838.

■ The pivotal question, then, before us is simply whether or not those who proposed and adopted the amendment intended that a separation brought about by the insanity of one of the parties would constitute a ground for divorce. The lower court reasoned that there was intention to distinguish or except a separation caused by mental incompetence since it would have been a very simple matter to so state if an exception was intended. The converse of this proposition is that the failure to recognize a distinction is tantamount to reading into the constitutional provision an intent to make mental incompetency or insanity a ground for divorce.

The Supreme Court of Virginia in the case of *Crittenden v. Crittenden,* 210 Va. 76, 168 S. E. (2d) 115, was confronted with an identical question under its divorce statute. The logic of that opinion is, we think, irrefutable and we quote therefrom as follows:

"It is likewise true, as the complainant argues, that the statute in question does not qualify the separation there contemplated by use of the words 'voluntary' or 'mutual'. And the statute does not contain any exception applying to a situation where separation results from the commitment of one of the parties for mental incompetence.

"But that does not mean that it was the intention of the legislature in enacting the statute indirectly to make mental incompetence a ground for divorce. And yet, to hold that the complainant is entitled to a divorce in this case would surely give effect to such a veiled intention.

"To the contrary, we are of opinion that the legislature intended that the separation contemplated by Code Sec. 20-91(9) must be of parties who are sufficiently competent to be conscious of the fact that the act of separation has occurred. Were that not so, it would be tantamount to saying

that one may separate from one's self, thus ignoring the logical meaning of the word 'separation' as requiring the existence of two entities. While a separation in divorce law often occurs as the result of the unilateral act of one party, the consciousness of the other party that such separation has occurred is essential under the statute here involved.

"The conclusion is inescapable that one who is separated from his spouse as the result of his commitment for mental incompetence is not, as a matter of law, capable of being conscious of the fact that a separation has occurred. It follows that a separation so occurring is not sufficient to support a ground for divorce under Code, 20-91(9)."

While there is some authority from other jurisdictions not in accord with the foregoing, the clear weight of authority, we think, is in accord with the rationale of the Virginia decision. See annotations in 19 A. L. R. (2d) 144 and 35 A. L. R. (3d) 1238.

According to Am. Jur. Desk Book, (2d) Ed., 1971 supplement, Document No. 125, in some thirty states insanity is a ground for divorce, but in most of them such must be of at least five years duration and, as a general rule, regarded as incurable. If there has been any intent on the part of those who proposed and adopted our constitutional amendment to make insanity or mental incompetence a ground for divorce, it would have been quite simple for them to expressly so state, as has been done in so many other states. When the history of this state and its public policy with regard to marriage and divorce are considered, we regard it as inconceivable that there was any intent, on the part of the framers or the voters, by the 1969 amendment to allow a divorce where, as here, the continuous separation of the parties was occasioned by the mental incompetence of one of them, or, in effect, allow a divorce on the ground of insanity.

The judgment of the lower court is

Reversed.

Moss, C. J., and LEWIS, BRAILSFORD and LITTLEJOHN, JJ., concur.