0682

Hattie D. GORE, Appellant v. Fred D. GORE, Jr., Respondent.
(343 S. E. (2d) 51)

Court of Appeals

*Timothy G. Quinn* of *Ellison, Quinn & Tongour*, Columbia, *for appellant.*

*J. Edward Holler* of *Holler, Dennis & Olive*, Columbia, *for respondent.*

Heard Feb. 26, 1986.

Decided April 14, 1986.

LITTLEJOHN, Acting Judge:

Appellant, Hattie D. Gore, and respondent, Fred D. Gore, Jr., were married in 1955. They lived together as husband and wife until 1981. The husband pursued a military career for twenty-six years before retiring during which time the wife accompanied him; and they, together, reared three children who are now emancipated. In 1982, this couple was divorced on grounds of separation for more than one year.

The Decree of Divorce provided in relevant part that the wife could continue to occupy the residence which was titled in both names. The Decree further provided "... the petitioner [husband] shall make the mortgage payment [$329.90 per month] which shall include principal, interest, taxes and insurance for a period of four (4) years from the date of this order, after which that situation shall be subject to review by the Court." The Judge's order further directed that the husband pay the wife $250 per month alimony and then added "... in view of the Respondent's [wife's] abilities, training and potential to obtain more suitable employment, the issue of alimony shall be subject to review by the court in five (5) years from the date of this Order." After indicating five years in the discussion part of the order, the directive lowered the time limit to four years such that both the equitable distribution and the alimony review will be simultaneous.

Heretofore, the husband was ruled to show cause to enforce the decree of May 5, 1982 and later sought a reduction in the Court ordered child support and alimony which was denied.

More recently, the husband has filed another petition asking that the marital home be sold and the equity of about $25,000 equally divided between the husband and wife. He also seeks a reduction in alimony payments. The petition is

based on "... due to a change in circumstances" but the circumstances are not specified. The wife, answering the petition, requests that additional alimony and attorney's fees be paid. The judge granted the petition of the husband and ordered the marital home sold; he further ordered the husband to pay to his wife $350 per month alimony for six months or until she became employed, whichever came first. After the six-month period, the alimony payments would be reduced to $250 per month. It is from this order that the wife appeals. We reverse.

The Divorce Decree of 1982 was not appealed. It became the law of the case. The only issue before the Family Court Judge and before this Court is whether a change of circumstances have been shown warranting a change in the Court's directive of 1982. We note that neither the four-year period nor the five-year period has, as of this time, expired. But a Court of equity where family problems are invovled should always be open to the litigants; and if there were truly a change in conditions before the time for review specified, the Court should lend an ear.

The courts have consistently held that a change in conditions warrants a change in a divorce decree. *See Smith v. Smith*, 262 S. C. 291, 204 S. E. (2d) 53 (1974). Therein, the Supreme Court said "the trial court has authority to increase, decrease, or terminate, upon proper showing of a change of conditions, the support payments provided for in a judgment of divorce." At the same time, it is not every change of condition which warrants a new order. The change must be substantial.

Our appraisal of the financial condition of the husband indicates that this financial condition is as good or better today than it was at the time of the divorce decree. From this employment and his retirement, he has a gross income of $3,175.59 per month which brings to him a net income of $2,316.54 per month. He is gainfully employed by a state agency.

The wife at the time of the divorce decree was employed at Allen University. Her net monthly income was $538. She is now unemployed but seeking a job.

The predicament in which the husband finds himself at this time, if indeed it is a predicament, is one of his own

creation. He has, since the time of his divorce, saddled himself with debts, but he admits that he has experienced increases in both his salary and retirement benefits and admits that in fact his expenses have decreased.

We hold that the trial judge erred in granting relief to the husband. He did not err in failing to grant the wife additional alimony.

The wife alleges error on the part of the trial judge in failing to award her reasonable attorney's fees. We agree. This is the fourth time the court has nursed the husband's problems. The wife is entitled to have the husband pay her attorney fees for both the hearing in the Family Court and for the necessity of this appeal. The matter is remanded to the Family Court for Richland County for the purpose of having that court determine an appropriate fee for the wife's attorney.

Reversed and remanded.

CURETON and GOOLSBY, JJ., concur.