1185

Boyd Franklin RISH, Jr., Respondent v. Gwendolyn H. RISH, By and Through her Guardian ad Litem, Eileen BARRY, Appellant.

(370 S. E. (2d) 102)

Court of Appeals

*William P. Walker, Jr.,* of *Walker, Morgan & Taylor,* Lexington, *for appellant.*

*S. Jahue Moore,* of *Kirkland, Taylor, Wilson, Moore, Allen & Deneen, P.A.,* West Columbia, *for respondent.*

Heard May 16, 1988.

Decided June 27, 1988.

LITTLEJOHN, Acting Judge:

In this divorce action the Plaintiff-Respondent Boyd Franklin Rish, Jr., (Husband) sought a divorce from the Defendant-Appellant Gwendolyn H. Rish (Wife) on the ground of alleged separation for a period of one year.

The wife is a totally disabled *non compos mentis* person permanently residing at the William S. Hall Institute under the auspices of the South Carolina Department of Mental Health and has no income. She appeared through a Guardian ad Litem appointed to protect her interests. The Guardian ad Litem filed an Answer opposing the divorce and asking by way of counterclaim for costs, attorney fees, a legal separation and other relief.

The action was withdrawn prior to trial resulting in a final Order of the Court awarding the Wife Five Hundred ($500) dollars attorney fees. The attorney had previously received Nine Hundred ($900) Dollars toward payment of his fee apparently advanced by members of the Wife's family.

The only issue on appeal before the Court today is the adequacy of the attorney fee for the wife ordered paid by the Husband. Counsel for the Wife argues that the court abused its discretion in failing to order a more adequate fee. We agree.

The award of attorney fees in a divorce action and the amount thereof is, under our well established law, a matter within the discretion of the trial judge and his ruling will not normally be disturbed on appeal. It is not always easy to determine when and if a trial judge has abused his discretion. Overly simplified, abuse of discretion involves the extent of disagreement. When an appellate court is in agreement with a discretionary ruling or is only mildly in disagreement, it says that the trial judge did not abuse his discretion. On the other hand, when the appellate

court is in substantial or violent disagreement, it says that there has been an abuse of discretion. Here our disagreement is sufficiently substantial to necessitate relief.

The wife is permanently hospitalized in a mental institution; she has neither property nor income. The action was commenced in spite of the fact that the case of *Shaw v. Shaw*, 256 S. C. 453, 182 S. E. (2d) 865 (1971) clearly stands by the proposition that the husband in this case is not entitled to a divorce on the ground of one year separation as alleged in the Complaint. Either the husband must pay an appropriate attorney fee to the wife's attorney or he must be unpaid. In *Nienow v. Nienow*, 268 S. C. 161, 232 S. E. (2d) 504 (1977) the Supreme Court articulated the factors to be utilized when determining whether attorney fees are proper, as well as guidelines to be followed for ascertaining the amount. These guidelines include the nature, extent and difficulty of the services rendered, the time necessarily devoted to the case, the professional standing of counsel, the contingency of compensation and the beneficial results accomplished. Considering all of these, we hold that the trial judge abused his discretion in failing to allow a more adequate fee to counsel for the wife.

The Order of the Family Court is reversed and the case is remanded for the purpose of re-evaluating services rendered and the amount which should be paid.

Reversed and remanded.

SANDERS, C. J., concurs.

BELL, J., concurs in separate opinion.

BELL, Judge (concurring):

I concur. The abuse of discretion is established by two factors: (1) the husband's suit was patently frivolous and (2) the wife has no ability to pay her attorney. In these circumstances, the equities demand that the husband, who put a destitute wife to the unfair and unnecessary burden of litigation, pay her reasonably incurred attorney's fees. *See Gore v. Gore*, 288 S. C. 438, 343 S. E. (2d) 51 (Ct. App. 1986). There is no good reason the wife should be forced to bear a major part of these expenses as the family court decreed.

The husband cries that he cannot afford to pay the wife's fees. One who intends to build a tower should first count the cost, whether he has sufficient to finish it. Luke 14:28. This court does not sit to relieve self-inflicted wounds. *See Gore v. Gore, supra* (relief denied where husband's predicament is one of his own creation).

I would reverse and remand with directions to award an attorney's fee based on the number of hours reasonably spent defending the action at the customary hourly rate for family court matters prevailing in Lexington County.