613 S.E.2d 541

**Jane PATRICK, Respondent,**

**v.**

**Keith E. BRITT, Appellant.**

**No. 3992.**

Court of Appeals of South Carolina.

Submitted March 1, 2005.

Decided May 23, 2005.

Mark Alan Leiendecker, of Summerville, for Appellant.

James B. Richardson, of Columbia; and John Witherspoon and James A. Bell, both of St. George, for Respondent.

510

WILLIAMS, J.:

In this child support action, Keith Britt appeals a family court order awarding Jane Patrick an increase in child support and attorney's fees. We affirm.

## FACTS

Keith Britt and Jane Patrick were divorced by order of the Dorchester County Family Court on April 16, 1991. Patrick was awarded custody of the couple's two children. The divorce decree ordered Britt to pay child support in the amount of $450 a month and contained a provision which stipulated that the child support would continue until the oldest child reached eighteen years of age. Upon that child's emancipation, the payments would be reduced to $225 a month.

Approximately three months after the oldest child turned eighteen in June 2002, Patrick commenced the current action seeking an increase in child support to better provide for the parties' youngest child. The parties submitted financial declarations and a final hearing was held on June 4, 2003.

The primary dispute at the hearing concerned the amount of income attributable to Britt. Britt is the owner and operator of Keith Britt Trucking and Construction, an incorporated business that he began in 1995. Although Britt's business took in over $430,000 in 2002, Britt submitted on his financial declaration that he personally received only $66.01 a month. Britt attributed his low income to high overhead costs of running the business, including the purchase and maintenance of heavy machinery. He further testified that he took out several loans to provide the company with operating capital.

Britt also testified, however, that numerous personal expenses were paid by his business. For example, and this is by no means an exhaustive list of personal expenses, previous child support payments were paid through the business, as were church tithes, private school tuition for a step child, payments for the truck he used, gas, work clothes, and telephone bills. Britt's current wife also worked for the

business and received a salary, which Britt testified she used to pay certain household expenses.[1]

Although Britt submitted monthly disbursement summaries outlining the business' expenses for 2002, he was unable to tell exactly how much company money was used to pay personal expenses. Britt's accountant was also unable to provide an exact figure in this regard. Although the accountant was in the process of trying to complete the company's 2002 tax returns, he was unable to complete them before trial. Nevertheless, as of the date of trial, the accountant identified at least $17,000 of company money spent on Britt's personal expenses.

The accountant also testified concerning tax deductions the company received for depreciation on business equipment such as bulldozers and trucks. The accountant testified the company spent approximately $100,000 a year on such equipment and that it was able to take depreciation of an equal amount.

Upon conclusion of the hearing, the court took the matter under advisement. On June 20, 2003, the court issued an order finding that Britt "purposefully arranged his finances in a manner that would make it difficult to determine his actual income." It then held that the only reasonable measure of Britt's income was the $100,000 of depreciation that the accountant testified Britt would have for 2002. Accordingly, the family court determined Patrick was entitled to an increase in child support and calculated Britt's obligation based on that income. The order compels Britt to pay child support in the amount of $987.00 a month, and requires payment retroactively to the date Patrick filed the complaint.

In addition to the child support award, the family court ordered Britt to pay Patrick's attorney's fees of $4,375 based in part on its finding that Britt deliberately misrepresented his income and thus caused the litigation to be unnecessarily complicated and expensive.

---

1. When asked by the court how much money his current wife made in salary, Britt claimed to not know because "[s]he does all the paying of the bills." Because of the difficulty in computing Britt's actual income, the court also asked Britt what amount of income he thought the court should use to determine child support. Britt offered no suggestions other than "I will leave that up to you."

## STANDARD OF REVIEW

■ In appeals from the family court, this Court has the authority to find facts in accordance with its own view of the preponderance of the evidence. *Rutherford v. Rutherford,* 307 S.C. 199, 204, 414 S.E.2d 157, 160 (1992). This broad scope of review does not, however, require this court to disregard the factual findings of the family court. *Stevenson v. Stevenson,* 276 S.C. 475, 477, 279 S.E.2d 616, 617 (1981). Neither are we required to ignore the fact that the trial judge, who saw and heard the witnesses, was in a better position to evaluate their credibility and assign comparative weight to their testimony. *Woodall v. Woodall,* 322 S.C. 7, 10, 471 S.E.2d 154, 157 (1996).

## LAW/ANALYSIS

### I. Child Support and Income Determination

■ Britt first asserts the family court abused its discretion in increasing his child support obligation by imputing income to him based on taxable depreciation of equipment used in his business. We disagree.

■ Child support awards are addressed to the sound discretion of the trial judge and, absent an abuse of discretion, will not be disturbed on appeal. *Mitchell v. Mitchell,* 283 S.C. 87, 92, 320 S.E.2d 706, 710 (1984). Income for determining child support awards is defined in the Child Support Guidelines as "the actual gross income of the parent, if employed to full capacity, or potential income if unemployed or underemployed." 27 S.C.Code Ann. Regs. 114–4720(A)(1) (Supp.2004). The Guidelines specifically address how to determine income from someone who is self employed:

> For income from self-employment ... gross income is defined as gross receipts minus ordinary and necessary expenses required for self-employment or business operation.... However, the court should exclude from those expenses amounts allowed by the Internal Revenue Service for accelerated depreciation or investment tax credits for the purposes of the guidelines and add those amounts back in to determine gross income. In general, the court should carefully review income and expenses from self-employment ... to determine actual levels of gross income available to the parent to satisfy a child support obligation. As may be

apparent, this amount may differ from a determination of business income for tax purposes.

27 S.C.Code Ann. Regs. 114–4720(A)(4) (Supp.2004).

In the current case, Britt testified that although his business brought in over $430,000 in gross income, he personally made a mere $66.01 a month. He admitted, however, that the company paid a plethora of personal expenses, including his step-child's private school tuition, church tithes, child support payments, and various other expenses.

Although Britt's accountant had not completed his analysis, as of the date of trial he identified over $17,000 worth of personal expenses paid by the company. The accountant further testified that the company spent approximately $100,000 on equipment and was able to take a tax depreciation that essentially made these expenses "a wash." Based on this evidence, the applicable law, and the fact that Britt refused to assist the court in resolving the issue, we find no abuse of discretion by the family court in its determination of income and subsequent calculation of child support. *See Robinson v. Tyson,* 319 S.C. 360, 364, 461 S.E.2d 397, 399 (Ct.App.1995) (affirming family court's imputation of income based partially on husband's refusal to make an effort to show his earning potential).

We find this holding to be especially appropriate considering Britt's stubborn refusal to provide any assistance whatsoever to the family court in resolving the issue of his income. Thus, having failed to provide the court with any meaningful representation of his actual income, and failing to respond to the court's requests for direction with anything other than patronizing remarks, we find Britt would be hard pressed to complain of the family court's ruling. *See Rish v. Rish by and Through Barry,* 296 S.C. 14, 17, 370 S.E.2d 102, 104 (Ct.App. 1988) (Bell, J., concurring) (stating that the court of appeals does not sit to relieve self-inflicted wounds); *Gore v. Gore,* 288 S.C. 438, 440–41, 343 S.E.2d 51, 52 (Ct.App.1986) (denying relief when husband's conduct was to blame for the predicament in which he found himself).

## II. Attorney's Fees

Britt next asserts the trial court erred in awarding Patrick $4,375 in attorney's fees. We disagree.

"An award of attorneys' fees and costs is a discretionary matter not to be overturned absent abuse by the trial court." *Donahue v. Donahue*, 299 S.C. 353, 365, 384 S.E.2d 741, 748 (1989). In order to award attorney's fees a court should consider several factors including: (1) ability of the party to pay the fees; (2) beneficial results obtained; (3) financial conditions of the parties; and (4) effect a fee award will have on the party's standard of living. *E.D.M. v. T.A.M.*, 307 S.C. 471, 476–77, 415 S.E.2d 812, 816 (1992); *see also Glasscock v. Glasscock*, 304 S.C. 158, 161, 403 S.E.2d 313, 315 (1991).

In its order, the family court concluded, "[Britt's] deliberate misrepresentation of his income has caused this litigation to be complicated and expensive and [Patrick] is entitled to payment of her attorney's fees and costs." A review of the record supports this determination. In addition, in light of the family court's calculation of Britt's income at $100,000 per year, we do not find the award would unduly impact his financial condition. Considering this along with the fact that Patrick's attorney obtained beneficial results by obtaining an increase in child support, we find the award to have been well within the discretion of the family court judge.

**AFFIRMED.**[2]

HEARN, C.J., and KITTREDGE, J., concur.

---

2. We decide this case without oral argument pursuant to Rule 215, SCACR.