THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Karen
 Allen-Hines, Appellant,
 v.
 Franklin Hines, Respondent.
 
 
 

Appeal From Darlington County
 Roger E. Henderson, Family Court Judge
Unpublished Opinion No. 2008-UP-198
Heard March 4, 2008  Filed March 20, 2008   
AFFIRMED IN PART and REMANDED

 
 
 
 Cynthia Barrier Patterson, of Columbia and Robert N. Rosen, of Charleston, for Appellant.
 Robert F. Gardner and J. Anthony Floyd, both of Hartsville, for
 Respondent.
 
 
 

PER CURIAM:  In
 this divorce action, Karen Allen-Hines (Wife) appeals the family courts order
 denying her a special equity interest in Franklin Hines (Husband) businesses and
 awarding her one years rehabilitative alimony and partial attorneys fees.  We
 affirm in part and remand.[1]  
 
FACTS
Husband and Wife (collectively the Hineses) married on February
 14, 1998.  Both Husband and Wife had been married previously.  The Hineses had
 no children together, though each had children from their previous
 relationships.  Husband had owned and operated a funeral home and cemetery
 since 1996.  The Hineses met when Wife utilized Husbands services following
 her previous husbands death.
Husband earned a bachelors degree in education.  Husband began
 working at the familys funeral home in 1973 and inherited it from his mother
 in 1996.  Before settling into his familys funeral home business, he attended
 college, served in the military, taught school, and worked for the United
 States Postal Service.  In addition to the funeral home and cemetery, Husband
 owned several other properties, including a 75% interest in his home.  Husband
 was 70 years old at the time of trial.
Wife earned a bachelors degree in sociology and a masters degree
 in public administration.  In 1974, Wife worked as a social worker, but she had
 no degree in that area.  During her previous marriage, Wife raised the children
 and did not regularly work outside the home after 1989.  Her previous husband
 handled all the familys finances until his death.  Wifes net inheritance from
 her previous husband totaled approximately $1.5 million and included her home. 
 This inheritance supported Wife and her two dependent sons.  At the time of
 trial, this inheritance was severely depleted, and Wife possessed less than
 $500,000, most of which lay in home equity and personal property.  Wife
 was 49 years old at the time of trial.  
During their marriage, the Hineses lived primarily in Wifes home
 from her former marriage.  Husband maintained his own separate home and kept
 his clothes at his house until Wife constructed a closet in her home to accommodate
 his clothes.  The Hineses also maintained separate bank accounts, except for
 one joint checking account they used to pay household bills.  Both Husband and
 Wife agreed to fund this account.  Despite an agreement to split household
 costs evenly, Husband often failed to deposit money into the joint account.  As
 a result, Wifes funds paid most of the household bills.  Wife had poor
 money-management skills and frequently purchased extravagant items with her
 funds.  Wife met with a financial consultant who helped her create a budget,
 but she did not adhere to it.  Wife attempted unsuccessfully to gain outside
 employment during and after the marriage.  
During the marriage, Wife helped out at the funeral home and
 cemetery.  She did not make financial contributions to Husbands business.  The
 funeral home compensated Wife for staffing and managing the floral department. 
 Without compensation, she also drove the limousine four or five times, attended
 funerals, redecorated the funeral home locations at Hartsville and Lamar,
 decorated the office at the cemetery, prepared lunches for Husband and his
 employees, delivered flowers, and generally helped out where needed.  Wife also
 made public appearances on behalf of the funeral home.  Furthermore, she
 introduced Husband to nationally known religious events in which she already
 participated.  When the funeral home later began sponsoring these events, Wife
 arranged television broadcasts of the events.  During the marriage, the funeral
 home and cemeterys gross sales increased by approximately $342,058,[2] and the overall value of the funeral
 home increased by $396,444.  
The Hineses separated and reconciled five times during the
 marriage, usually due to financial stress.[3] 
 After their final separation, Wife filed an action for separate maintenance. 
 The family court tried this matter in June of 2004.  On August 5, 2004, the
 family court entered an order granting divorce on the ground of one years
 continuous separation and reserving jurisdiction to determine all other issues
 separately.  On January 10, 2005, the family court entered an order awarding
 Wife one year of rehabilitative alimony and partial attorneys fees.  The order
 also denied Wife a special equity interest in Husbands funeral home and
 cemetery.  Wife filed a motion to alter or amend the judgment, which was
 denied.  This appeal followed. 
LAW/ANALYSIS
I.  Special Equity
Wife
 argues the family court erred in declining to award her a special equity
 interest in Husbands business.  We disagree.    
The
 family court has jurisdiction to apportion marital property.  S.C. Code Ann. §
 20-7-472 (Supp. 2007).  In determining the most equitable apportionment of
 marital property, the family court must weigh all fifteen statutory factors.  Id.  Property acquired before the marriage or after entry of a divorce order is not
 marital property and, therefore, is not subject to apportionment.  S.C. Code
 Ann. § 20-7-473(2) (Supp. 2007).  However, any increase in value in nonmarital
 property[,] to the extent that the increase resulted directly or indirectly
 from efforts of the other spouse during marriage, is apportionable marital
 property.  § 20-7-473(5).  The increase in value need not derive from the
 non-owner spouses financial contributions.  Johnson v. Johnson, 296 S.C.
 289, 299, 372 S.E.2d 107, 113 (Ct. App. 1988).  The non-owner spouse is
 entitled to an equitable apportionment of any increase in value that results
 from the employment of his or her labor and skills.  Id. at 299, 372
 S.E.2d at 113.   
We
 find Wife is not entitled to a special equity interest in Husbands funeral
 home and cemetery businesses.  Husband owned and operated these businesses
 prior to the marriage; thus, the businesses themselves are nonmarital
 property.  Although Wife presented evidence that she performed uncompensated
 services in support of the business, she failed to establish a causal connection between her efforts and any
 portion of the increased value of Husbands businesses.  Therefore, Wife is not
 entitled to a special equity interest in the increased value of those
 businesses.
II.  Spousal Support 
Wife
 argues the family court erred in awarding her one year of rehabilitative
 alimony instead of permanent periodic alimony.  We remand this issue to the
 family court to make additional findings as to what special circumstances exist
 to support its award of rehabilitative alimony, or, in the absence of special
 circumstances, to award permanent periodic alimony instead.  
An
 award of alimony rests within the sound discretion of the family court and will
 not be disturbed on appeal absent an abuse of discretion.  Allen v. Allen,
 347 S.C. 177, ­­­183-84, 554 S.E.2d 421, 424 (Ct. App. 2001).  An abuse of
 discretion occurs when the conclusions of the family court either lack
 evidentiary support or are controlled by an error of law.  Bryson v. Bryson,
 347 S.C. 221, 224, 553 S.E.2d 493, 495 (Ct. App.2001).
Alimony
 is a substitute for the support normally incident to marriage.  Allen,
 347 S.C. at 184, 554 S.E.2d at 424.  The purpose of alimony is to place the
 supported spouse in a position as near as possible to the position he or she
 enjoyed during the marriage.  Id. at 184, 554 S.E.2d at 424.  In
 awarding alimony, the family court must weigh all nine statutory factors.  S.C.
 Code Ann. § 20-3-130(C) (Supp. 2007).  How much weight to accord each factor is
 within the family courts sound discretion.  Id.  The family court has
 discretion to determine the amount of any alimony award.  S.C. Code Ann.
 § 20-3-130(B)(1) (Supp. 2007).  All types of alimony contemplated by
 statute are modifiable and terminable.  S.C. Code Ann. § 20-3-130 (Supp.
 2007)   Furthermore, the family court may impose whatever terms and
 conditions on an alimony award as the court may consider just, as appropriate
 under the circumstances.  S.C. Code Ann. § 20-3-170 (Supp. 2007).  
Where
 alimony is appropriate, South Carolina favors permanent periodic alimony over
 the other types of alimony described by statute.  Jenkins v. Jenkins,
 345 S.C. 88, 95, 545 S.E.2d 531, 535 (Ct. App. 2001).    Despite this
 preference, South Carolina does recognize rehabilitative alimony in certain
 circumstances. Rehabilitative alimony encourages a dependent spouse to become
 self-supporting after divorce and permits a former spouse to develop his own
 life free from obligations to the dependent spouse.  Belton v. Belton,
 325 S.C. 456, 459-60, 481 S.E.2d 174, 176 (Ct. App. 1997).  Rehabilitative
 alimony may be awarded only upon a showing of special circumstances justifying
 a departure from the normal preference from permanent periodic support.  Jenkins,
 345 S.C. at 95, 545 S.E.2d at 535.  
An
 award of one year of rehabilitative alimony without a finding of special
 circumstances meriting departure from permanent periodic alimony was improper. 
 In finding Wife entitled to spousal support, the family court carefully weighed
 the statutory factors, noting in particular the brief term of the marriage,
 numerous separations, and the parties advanced degrees.  The family court
 awarded one year of rehabilitative alimony based upon Wifes antiquated work
 experience, her degrees, her intelligence and her sophistication.  However,
 neither party made the showing of special circumstances required for such an
 award, and Wife did not request rehabilitative alimony.  The family court
 observed, there was no testimony as to what type of training may be required
 to enable [Wife] to become successful in the job market.  Indeed, no evidence
 of an educational program or plan, a timetable, a projected cost of retraining
 Wife, or an estimate of Wifes likely earnings exists to support this award.  
 
Given
 the lack of specific findings of special circumstances warranting a departure
 from permanent periodic alimony, we find the family court erred in awarding one
 year of rehabilitative alimony.  Accordingly, we remand this issue for the
 family court to determine whether special circumstances exist to support its
 award of rehabilitative alimony, or, in the absence of special circumstances,
 to award permanent periodic alimony instead of rehabilitative alimony.
III.  Attorneys Fees
Wife
 argues the family court erred in awarding her an insufficient amount of
 attorneys fees and costs.  We agree.  
In a
 family court matter, [t]he award of attorneys fees . . . will only be
 disturbed upon a showing of abuse of discretion.  Upchurch v. Upchurch,
 367 S.C. 16, 28, 624 S.E.2d 643, 648 (2006).  A decision lacking a discernible
 reason is arbitrary and constitutes an abuse of discretion.  Johnson,
 296 S.C. at 304, 372 S.E.2d at 115.  
The
 family court has jurisdiction to award reasonable attorneys fees where a claim
 for attorneys fees is well-founded.  S.C. Code Ann. §§ 20-3-120 through -140,
 § 20-7-420(38) (Supp. 2007).  The decision whether to award attorneys fees is
 within the discretion of the family court.  Upchurch, 367 S.C. at 28,
 624 S.E.2d at 648.  In determining whether to award attorneys fees, the family
 court should consider each partys ability to pay his or her own fees, the
 beneficial results obtained, the parties respective financial conditions, and
 the effect of the fee on the parties standards of living.  E.D.M. v. T.A.M.,
 307 S.C. 471, 476-77, 415 S.E.2d 812, 816 (1992).  The reasonableness of an
 attorneys fee lies in (1) the nature, extent, and difficulty of the case; (2)
 the time necessarily devoted to the case; (3) professional standing of counsel;
 (4) contingency of compensation; (5) beneficial results obtained; and (6)
 customary legal fees for similar services.  Glasscock v. Glasscock, 304
 S.C. 158, 161, 403 S.E.2d 313, 315 (1991).  Other factors to consider in
 awarding attorneys fees are the abilities of the parties to pay, their
 respective financial conditions and the effect of the attorneys fees on each
 partys standard of living.  Mitchell v. Mitchell, 283 S.C. 87, 93, 320
 S.E.2d 706, 710 (1984).  The factors enunciated by the court, and not the
 amount of any other monies awarded in the suit, determine the appropriate
 amount of an award of attorneys fees.  Williamson v. Middleton, 374
 S.C. 419, 431, 649 S.E.2d 57, 64 (Ct. App. 2007).
We
 find Wife is entitled to attorneys fees pursuant to the factors of E.D.M. 
 The family court found Wife had incurred a total of $68,103.46 in attorneys
 fees and costs, and Husband had incurred $14,853.25 in fees and costs.  The
 family court then required Husband to pay $7,500.00 to one of Wifes attorneys,
 presumably in addition to the $5,000.00 previously ordered.  Although it
 recognized Husbands uncooperative behavior during discovery increased the
 difficulty of Wifes case, the family court failed to set forth sufficiently
 specific findings to illuminate a discernible reason for requiring Husband to
 pay such a small portion of Wifes bill.  We are unable to determine why the
 family court awarded Wife only $12,500.00 when her total attorneys fees and
 costs exceeded Husbands by $53,250.21.  We are concerned the order in this
 matter failed to address the impact of this award on either party. 
 Accordingly, we find the family court erred in failing to support its award
 with specific findings that suggest a discernible reason.  
The
 family court did not err in refusing to require Husband to pay all of Wifes
 attorneys fees.  Although Wife argues she should receive full fees, the cases
 to which she cites are distinguishable from the one at bar.  In Johnson,
 a mentally and physically abusive husband filed suit to enforce an invalid
 antenuptial agreement.  296 S.C. at 292, 372 S.E.2d at 109.  Furthermore, he
 refused to answer discovery, filed a grossly misleading financial declaration,
 and contested every issue.  Id. at 303-04, 372 S.E.2d at 115.  In Taylor v. Taylor, a husband sued his former wife three different times, she
 prevailed each time, and he appealed, only to dismiss his appeal later.  333
 S.C. 209, 220, 508 S.E.2d 50, 56 (Ct. App. 1998).  Unlike his former wife, the
 husband was able to afford lengthy lawsuits and intentionally prolonged and
 complicated each suit.  Id., 508 S.E.2d at 56.  
In
 the case at bar, only one lawsuit exists between the parties.  Wife filed for separate
 maintenance, and both parties requested and received a divorce on the ground of
 one years continuous separation, the so-called no-fault ground.  The family
 court found it difficult to determine what actually caused the dissolution of
 the marriage.  Unlike the hapless wives in Johnson and Taylor,
 Wife initiated this suit, through which both parties obtained relief. 
 Therefore, an award of full fees to Wife would be inappropriate.   
Consequently,
 we remand the issue of attorneys fees to the family court for an order incorporating specific findings as to the factors expressed in E.D.M., Glasscock,
 and Mitchell and awarding appropriate relief.  
CONCLUSION
As
 to the issue of Wifes special equity interest in the increased value of
 Husbands businesses, we find Wife failed to establish a causal connection
 between her actions and any increase in the value of Husbands  businesses. 
 Therefore, we affirm the family courts denial of a special equity interest in
 the increased value of those businesses.
As
 to the issue of spousal support, we find the family court erred in awarding
 Wife one year of rehabilitative alimony without a showing of special
 circumstances meriting this award.  Neither party appealed the family courts
 finding that Wife is entitled to alimony.  Therefore, we find Wife is entitled
 to permanent periodic alimony, unless a showing is made of special
 circumstances justifying rehabilitative alimony.  Accordingly, we remand this
 issue to the family court for further proceedings in accordance with this
 opinion.    
Finally,
 as to the issue of attorneys fees, we find the family court erred in failing
 to support its award with sufficiently specific findings to explain its
 decision.  We also find Wife was not entitled to an award of full attorneys
 fees.  Therefore, we remand the issue of
 attorneys fees to the family court for
 an order incorporating specific findings in accordance with this opinion and awarding appropriate relief.  
 
Accordingly,
 the order of the family court is 
AFFIRMED
 IN PART AND REMANDED.  
ANDERSON, SHORT,
 and THOMAS JJ., concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.
[2] From 1998 to 2002, the approximate term of the
 marriage, the funeral homes gross sales increased from about $380,000 to about
 $624,000, an increase of about $244,000.  During that same time
 period, the cemeterys gross sales increased from $36,942 to about $135,000, an
 increase of about $98,058.
[3] One
 separation occurred when Wife insisted Husband leave the house because he had
 been drinking.