THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR
 RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2),
 SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Karen Elisabeth Fekete, Respondent,
 
 
 

v.

 
 
 
 Richard Fekete, Appellant.
 
 
 

Appeal From York County
Brian M. Gibbons, Family Court Judge

Unpublished Opinion No. 2011-UP-504
Heard October 3, 2011  Filed November 15, 2011

AFFIRMED AS MODIFIED

 
 
 
 James Wilson Tucker, Jr., of Rock Hill, for Appellant.
 Christina C. Thompson, of Fort Mill, for Respondent.
 
 
 

PER CURIAM: On appeal from the family court, Richard Fekete (Father)
 challenges the amount of income the family court imputed to him and Karen
 Fekete (Mother) for the purpose of determining child support.  In addition, Father
 argues the family court erred by denying his request to use Worksheet C of the
 South Carolina Child Support Guidelines to calculate child support.  
1. We disagree with Father's claim
 that the family court erred in failing to impute to Mother an income comparable
 to that of her prior employment where she earned $55,000 per year.  Although
 unemployed at the final hearing, Mother testified she could potentially earn
 between $30,000 and $35,000 per year in a new career as a web designer.  The
 family court recognized Mother's uncontradicted testimony, but instead chose to
 impute $2,300 per month to Mother based on the difference between Mother's
 monthly expenses and her unemployment benefits.  We find Mother's potential
 income of $30,000 per year, or $2,500 per month, to be a more accurate
 reflection of her gross income for purposes of calculating child support.  See 27 S.C. Code Ann. Regs. 114-4720(A)(5) (Supp. 2010) ("If the court finds
 that a parent is voluntarily unemployed or underemployed, it should calculate
 child support based on a determination of potential income which would
 otherwise ordinarily be available to the parent."); id. ("In
 order to impute income to a parent who is unemployed or underemployed, the
 court should determine the employment potential and probable earnings level of
 the parent based on that parent's recent work history, occupational
 qualifications, and prevailing job opportunities and earning levels in the community."). 
 Further, under our de novo standard of review, we find that considering the
 prevailing job opportunities and Mother's good faith efforts to seek
 employment, Mother's income should be based on her potential income rather than
 her past income.  See Gartside v. Gartside, 383 S.C. 35, 45-46,
 677 S.E.2d 621, 626-27 (Ct. App. 2009) (finding it proper to impute income to husband
 based on current employment at lower salary as opposed to former higher-paying
 job when husband lost former job through no fault of his own); Mazzone v.
 Miles, 341 S.C. 203, 209, 532 S.E.2d 890, 893 (Ct. App. 2000) (finding it
 proper to impute minimum wage to father as opposed to his salary from his prior
 employment when father was terminated through no wrongdoing of his own and
 evidence demonstrated father made a good faith decision to pursue
 self-employment).  Accordingly, we modify the family court's imputation of
 income to Mother from $2,300 to $2,500.  Applying Worksheet A from the
 Guidelines, this modification results in a monthly child support award of $390. 
2. Father also charges the family
 court with error in the amount of income it imputed to him for purposes of
 calculating child support.  We find no error in the family court's decision to
 impute income of $3,700 per month to Father.  Father's lack of candor regarding
 his finances and actual income required the family court to resort to other
 credible evidence, namely Father's stated expenses and Father's banking
 statements, to determine Father's gross income.  See 27 S.C. Code Ann.
 Regs. 114-4720(A)(6) (Supp. 2010) (stating the family court may resort to other
 suitable documentation of current earnings when the income reflected on a
 party's financial declaration may be at issue); see also Spreeuw v.
 Barker, 385 S.C. 45, 67, 682 S.E.2d 843, 854 (Ct. App. 2009) (finding
 testimony and evidence presented at trial demonstrated father understated his
 income, so that his financial declarations were not meaningful representations
 of his income, thus the family court properly resorted to father's tax returns
 and withdrawals from his business account when calculating father's gross
 income for purposes of child support).  Because Father admitted his expenses on
 his financial declaration were approximately $4,600 per month, it was reasonable
 for the family court to conclude Father had the ability to earn the difference
 between what he was drawing in disability and what he was incurring in expenses
 on a monthly basis.  We find Father hard pressed to complain of the outcome, particularly
 considering Father's admission at oral argument that he grossed approximately $3,300
 per month[1] from his automobile repair shop, which when added to Father's monthly
 disability income of $879, demonstrate the family court was most generous in
 only imputing $3,700 per month to Father.  See Patrick v. Britt,
 364 S.C. 508, 513, 613 S.E.2d 541, 543 (Ct. App. 2005) (finding family court
 properly imputed $100,000 as income to father when father admitted his business
 brought in over $430,000 in gross income but claimed he only earned $66 per
 month).  Accordingly, we affirm the family court's decision on this issue. 
3. Last, Father argues the family
 court erroneously applied Worksheet A as opposed to Worksheet C from the South
 Carolina Child Support Guidelines in setting the parties' child support
 obligations, which resulted in Father paying a greater amount of child support
 than was warranted under the circumstances.  We disagree and find that despite
 the shared custody arrangement, the family court had the discretion to apply
 Worksheet A in setting child support, particularly when the family court's
 visitation arrangement narrowly exceeded the threshold requirement for shared
 custody.  See 27 S.C. Code Ann. Regs. 114-4730(A) (Supp. 2010) ("The
 shared custody adjustment, however, is advisory and not compulsory.  The court
 should consider each case individually before applying the adjustment to ensure
 that it does not produce a substantial negative effect on the child(ren)'s
 standard of living."); see generally Floyd v. Morgan, 383
 S.C. 469, 476, 681 S.E.2d 570, 573 (2009) (finding that the family court has
 the "discretion to utilize any Worksheet [it] finds appropriate under the
 facts of the case" in an action to modify child support).  Mother was
 Child's primary custodian, and both parties agreed she paid almost all of
 Child's expenses, not only during the parties' marriage when Mother was
 employed, but after their separation when she was unemployed.  We find this is
 not a situation that involves the true sharing of expenses for Child.  Father
 submitted no proof that Mother's expenses would be diminished based on the
 visitation arrangement, and given the parties' prior history, we conclude
 utilization of Worksheet C would result in Mother assuming a disproportionate
 share of Child's expenses and would be detrimental to Child's standard of
 living.  Thus, we affirm the family court's decision on this issue.
AFFIRMED AS MODIFIED.
SHORT, WILLIAMS, and
 GEATHERS, JJ., concur. 

[1] When asked by the court at oral argument, counsel for Father stated he
 believed an accurate reflection of Father's income was $40,000 per year.