**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

W. Richard McClellion, Appellant,

v.

Donna S. McClellion, Respondent.

Appellate Case No. 2011-186106

———————

Appeal From Anderson County
Stephen S. Bartlett, Family Court Judge

———————

Unpublished Opinion No. 2012-UP-685
Submitted November 1, 2012 – Filed December 28, 2012

———————

**AFFIRMED**

———————

James Calhoun Pruitt, Jr., of Pruitt & Pruitt, of Anderson, for Appellant.

Oscar W. Bannister, of Bannister & Wyatt, LLC, of Greenville, for Respondent.

———————

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following authorities: *Lewis v. Lewis*, 392 S.C. 381, 394, 709 S.E.2d 650, 656 (2011) (stating the decision of whether to award attorney fees rests within the sound discretion of the family court); *Chisholm v. Chisholm*, 396 S.C. 507, 510, 722 S.E.2d 222, 223

(2012) (stating an appellate court reviews the family court's grant of attorney's fees de novo); *Penny v. Green*, 357 S.C. 583, 593, 594 S.E.2d 171, 176 (Ct. App. 2004) (holding to determine whether attorney's fees should be awarded, the family court considers: "(1) each party's ability to pay his or her own fee; (2) the beneficial results obtained by the attorney; (3) the parties' respective financial conditions; and (4) the effect of the attorney's fee on each party's standard of living"); *Wooten v. Wooten*, 358 S.C. 54, 65, 594 S.E.2d 854, 860 (Ct. App. 2003) (holding "[e]ven though Husband prevailed on two of the equitable division issues in this appeal, the beneficial results obtained are only one of several factors to be considered by the family court in deciding whether or not to award attorney's fees"); *Davis v. Davis*, 372 S.C. 64, 88, 641 S.E.2d 446, 458 (Ct. App. 2006) (holding to determine the amount of attorney's fees to award, the family court considers "the nature, extent, and difficulty of the services rendered, the time necessarily devoted to the case, counsel's professional standing, the contingency of compensation, the beneficial results obtained, and the customary legal fees for similar services"); *Taylor v. Taylor*, 333 S.C. 209, 216, 508 S.E.2d 50, 54 (Ct. App. 1998) ("The reasonableness of the number of hours billed is determined according to (1) the nature, extent, and difficulty of the case, and (2) the time necessarily devoted to the case.").

**AFFIRMED.**[1]

**FEW, C.J., and WILLIAMS and PIEPER, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.