**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

Shango Damballah, Appellant,

v.

South Carolina Department of Corrections, Respondent.

Appellate Case No. 2012-213456

Appeal From The Administrative Law Court
Carolyn C. Matthews, Administrative Law Judge

Unpublished Opinion No. 2013-UP-478
Submitted October 1, 2013 – Filed December 18, 2013

**AFFIRMED**

Shango Damballah, pro se.

Shanika Kenyetta Johnson, of the South Carolina
Department of Corrections, of Columbia, for Respondent.

**PER CURIAM:** Shango Damballah, an inmate incarcerated with the South Carolina Department of Corrections (SCDC), appeals the Administrative Law Court's (ALC) dismissal of his appeal from a prison disciplinary conviction. We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1. As to whether SCDC afforded Damballah minimal due process: *Al-Shabazz v. State*, 338 S.C. 354, 369-70, 527 S.E.2d 742, 750 (2000) ("The statutory right to sentence-related credits is a protected 'liberty' interest under the Fourteenth Amendment, entitling an inmate to minimal due process to ensure the state-created right was not arbitrarily abrogated."); *id.* at 371, 527 S.E.2d at 751 ("[D]ue process in a prison disciplinary proceeding involving serious misconduct requires: (1) that advance written notice of the charge be given to the inmate at least twenty-four hours before the hearing; (2) that factfinders must prepare a written statement of the evidence relied on and reasons for the disciplinary action; (3) that the inmate should be allowed to call witnesses and present documentary evidence, provided there is no undue hazard to institutional safety or correctional goals; (4) that counsel substitute (a fellow inmate or a prison employee) should be allowed to help illiterate inmates or in complex cases an inmate cannot handle alone; and (5) that the persons hearing the matter, who may be prison officials or employees, must be impartial.").

2. As to whether substantial evidence supports the ALC's decision: *Grant v. S.C. Coastal Council*, 319 S.C. 348, 353, 461 S.E.2d 388, 391 (1995) (providing a reviewing court will not disturb the findings of an administrative agency if those findings are supported by substantial evidence); *id.* ("The possibility of drawing two inconsistent conclusions from the evidence does not prevent an [a]dministrative [a]gency's finding from being supported by substantial evidence. Rather, we need only find, considering the record as a whole, evidence that would allow reasonable minds to reach the conclusion that the administrative agency reached." (internal quotations marks and citation omitted)).

3. As to whether the ALC abused its discretion: *Rish v. Rish*, 296 S.C. 14, 15, 370 S.E.2d 102, 103 (Ct. App. 1988) ("When an appellate court is in agreement with a discretionary ruling or is only mildly in disagreement, it says that the trial [court] did not abuse his discretion.").

**AFFIRMED.**[1]

**FEW, C.J., and PIEPER and KONDUROS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.